PLOTKIN, Judge.
This is an appeal from a variance granted by the Board of Zoning Adjustments (BZA) to William F. Bologna to enclose a carport area in violation of the requirement in the New Orleans Comprehensive Zoning Ordinance # 4264 M.C.S. that buildings be set back at least three feet from the property line. The decision was affirmed by a Civil District Court judge on Writ of Cer-tioriari and Review. We reverse.
FACTS
William F. Bologna requested a building permit from the Department of Safety and Permits of the City of New Orleans to *418 endose the ground level area below a porte cochere topped by a second story room. This room was supported by pillars which encroached on his neighbor’s lot by 2.5 to 3.5 inches, a situation which had existed for 40 years. By adding walls between the pillars themselves and between the pillars and the house, the living space of Mr. Bologna’s house would be increased by one room, which would intrude into the three-foot set back between house and property line mandated by the Comprehensive Zoning Ordinance Art. 5 Sec. 2.6. The Department of Safety and Permits refused to issue a permit, and Mr. Bologna appealed to the BZA. After a public hearing, the BZA granted the variance and instructed that a permit be issued. The board stated, in pertinent part, as follows:
Whereas the Board carefully considered the facts, the argument for and against the applicant and after considering the Comprehensive Zoning Ordinance # 4264 M.C.S. as amended, the Board is of the Opinion that the evidence of testimony of the public hearing indicates that in this special case all of the Standards for Variances of Article 15, 3.2 have been met and therefore for that reason it is hereby granted relief.
The Civil District Court reviewed the BZA’s decision on the petition of Patrick Curran, the objecting neighbor. After hearing and arguments, the district judge upheld the decision; Curran appealed.
District courts have original jurisdiction to review decisions of Board of Zoning Adjustments through writs of certiora-ri, but must generally apply a presumption of regularity to the board decisions. Gertler v. the City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.1977.) That presumption is rebuttable, but the “reviewing court must first determine or establish whether or not the decision of the board or administrative agency is supported by substantial and competent evidence adduced in the proceedings which are regular and orderly.” Id. at 233. The Gertler court looked to the Administrative Procedure Act (APA), LSA-R.S. 49:951 et seq., for guidance concerning the standard of review applicable to state boards and held that a court should not substitute its judgment for that of the administrative tribunal absent a showing that the administrative tribunal had been arbitrary and capricious or had abused its discretion. In applying these standards in the instant case, we must scrutinize the record of the BZA hearing and review the evidence presented to determine whether the district court judge was manifestly erroneous in concluding that the findings of the BZA were supported by the evidence on the record as a whole.
The Comprehensive Zoning Ordinance Sec. 11 (1) permits variances to the zoning plan only in the case of “demonstrable and exceptional hardship as distinguished from variations sought by applicants for purposes or reasons of convenience, profit or caprice.” If hardship is demonstrated, “variances may be granted if in accord with the provisions of Art. 15 Sec. 2.3.” Any extension or enlargement of prior non-conforming use is also governed by these standards. Art. 12, Sec. 5. Art. 15, Sec. 2.3(1) sets forth the requirements which must be met before the BZA may grant a variance:
The Board of Zoning Adjustments shall not authorize a Variance from the requirements of this Ordinance unless it shall make findings based upon the evidence presented to it that each special case shall indicate all of the following:
a. Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district.
b. Literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.
c. The special conditions and circumstances do not result from the actions of the applicant or any other person who may have or had interest in the property.
d. Granting the Variance requested will not confer on the applicant any special privilege which is denied by this Or *419 dinance to other lands, structures, or buildings in the same district or similarly situated.
e. The Variance, if granted, will not alter the essential character of the locality-
f. The strict adherence to the regulation for the property would result in a demonstrable hardship upon the owner as distinguished from mere inconvenience.
g. The purpose of the Variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party(s).
h. The granting of the Variance will not be detrimental to the public welfare or injurious to other property or improvements in the neighborhood in which the property is located.
i. The proposed Variance will not impair an adequate supply of light and air to adjacent property, or increase substantially the congestion in the public streets, or increase the danger of fire, or endanger the public safety.
(Emphasis added.)
In light of the statement by the BZA on the face of the Notice of Disposition of the Zoning Case that all the above criteria of Sec. 15, 2.3, (a)-(i) “have been met,” it is sufficient to limit our review to a “determination of whether the board’s decision was arbitrary, unreasonable, or capricious, and whether the record contains substantial evidence in support of the findings of the board.” 3 Anderson, American Law of Zoning, Sec. 21.19.
The Zoning Ordinance protects adjacent property owners and neighbors by requiring the property owner to carry the burden of meeting the statutory standards. When conflicting testimony is received, the board is granted deference in its assessment of the credibility of the evidence presented by the witnesses under the provisions of the APA. LSA-R.S.49:951. Accordingly, we have examined the record of the public hearing held by the BZA to review the sufficiency of the evidence, which was the stated basis for the variance granted.
The first question which must be answered is: Did the owner seeking the variance present evidence that he would be subjected to hardship, rather than inconvenience or economic disadvantage if he was not granted the variance? If answered in the affirmative, the second question must follow: Did the owner seeking the variance present evidence to the board, or did the board adduce on the record, facts which satisfy all of the criteria set out in Sec. 15, 2.3, (a)-(i)?
Only two persons testified before the BZA. Mr. Bologna stated his desire to enclose the area under the upper story and his concern for the safety of occupants of the upper room because the supporting pillars might be weakened or damaged in the future by a vehicle using the neighbor’s driveway. Although architectural drawings of the proposed room were presented, there was no testimony from the architect or other authority to support the assumption that the pillars were structurally unsound or that the proposed construction would provide any additional support for the upper story. No evidence was presented to show that additional support for the upper room could not be achieved by other means, or that supporting the room by other means would cause the applicant any hardship. Thus, we find that the record evidence is insufficient to satisfy the threshold requirement that the variance was necessary to prevent a hardship to Bologna.
Additionally, the evidence did not meet the requirements established by Art. 16, Sec. 2.3(1). No evidence was presented (a) to show that any special conditions existed on Bologna’s property, which made it different from other buildings or property in the district or (b) to indicate that the set back requirement would deprive Bologna of any “rights commonly enjoyed by other properties in the same district. The porte cochere, built by a prior owner, cannot be disclaimed as an action by one without interest in the property, as required by subsection (c). No information was adduced (d) to show that a variance would not give the applicant a “special privilege” unavailable to other residents, nor was it shown that (e) the variance would not alter the “essential character of the locality.” No *420 showing was made that (f) and (g) the failure to grant a variance would result in a true hardship to Bologna, as opposed being motivated by a concern for convenience or profit. No discussion was brought forward to show (h) that the variance would not be injurious to other property or “detrimental to the public welfare,” or to show (i) that the addition would not diminish the appellant’s supply of light and air. Despite the BZA’s statement to the contrary, none of the requirements of the section were fulfilled.
• Furthermore, the record fails to document any information about the particular neighborhood involved which the BZA members might have contributed to the deliberation on their own initiative to support the requirements. Indeed, there is no record evidence addressing any of the criteria established by the pertinent statute.
This court recognizes the presumption of regularity granted administrative boards such as the BZA and the deference due their assessment of credibility of the evidence presented by the witnesses under the APA. LSA-R.S.49:951. See Gertler, supra, at 233. However, the authority of the BZA is limited by the statute. “The Board cannot by its own unauthorized acts, acquire authority it does not possess.” State ex rel. Phillips v. Board of Zoning Adjustments of the City of New Orleans, 197 So.2d 916, 920 (La.App. 4th Cir.1967). In the absence of evidence on the record showing that testimony was presented to meet or to at least address the fulfillment of all of the standards of Section 15, 3.2 (a)-(i), the decision by the BZA granting this variance when the statutory requirements had not been met was an abuse of discretion. Therefore, we must conclude that the district court erred when it affirmed the variance granted by the BZA.
For the above reasons, the decision of the trial court affirming the BZA decision granting a zoning variance to Bologna is reversed.

REVERSED.