1KIRBY, Judge.
Plaintiff, David DeMonte[1], appeals the trial court’s judgment of January 25, 2000, which affirmed a decision of the Board of Zoning Adjustments (“BZA”) that granted a variance to Sam Scelfo d/b/a Gambino’s Bakery (“Gambino’s”) for property located at 3836-40 Canal Street in New Orleans.
On May 14, 1999, Gambino’s applied for a variance from the Comprehensive Zoning Ordinance (“CZO”) for a bakery it planned to build on the vacant lot at the corner of Canal and South Scott Streets. Specifically, Gambino’s asked for a variance “to allow new construction of a bakery with insufficient front yard, side yard setback for a corner lot and insufficient off-street parking.” Gambino’s requested that 8 feet of the required 20 feet of front yard be waived, that 5 feet of the required 10 feet of side yard be waived, and that 17 of the required 25 off-street parking spaces be waived.
The Mid City Neighborhood Association sent a letter to the BZA stating that it opposed the waivers and urged the BZA to deny the variance. The Association’s | ..stated objection to the waiver was that *1025 the amount of square footage required for the bakery was too large for the property in question.
The BZA held a public hearing in this matter on July 12, 1999. On July 16, 1999, the BZA issued its ruling granting Gambi-no’s request for the variance. The BZA waived 17 of the required 26 off-street parking spaces and 8 of the required 20 feet of front yard setback for this property. The BZA also waived all of the required 10 feet of rear yard space.
On August 12, 1999, Mid City Neighborhood Association and David DeMonte filed a petition for judicial review of the July 16, 1999 adjudication of the BZA. They also asked for an order staying the effect of that adjudication and for a writ of certiora-ri to be directed to the BZA directing its return of the record in this matter to the Civil District Court for a hearing and review of this adjudication. Plaintiffs also asked for “all other equitable and special relief which may be warranted by the circumstances and particulars.” The petition named as defendants the City of New Orleans, exercising duties and powers through the BZA, and the City Planning Commission and the Department of Safety and Permits.
On December 2, 1999, the trial court reversed the July 16, 1999 ruling of the BZA and reinstated the original denial of the building permit issued by the Director of the Department of Safety and Permits. In the judgment, the trial court also stated that it would readily grant rehearing to entertain argument on the merits. In reasons for judgment, the trial court stated that the BZA’s decision to grant the | jjVariance was arbitrary and capricious in the absence of any evidence indicating hardship.
The City of New Orleans, through the BZA, Jackie and Sam Scelfo, Jr., and Gambino’s subsequently filed a motion for rehearing or new trial for the limited purpose of argument on the merits of the case. The parties filed memoranda in support of and in opposition to this motion.
On January 25, 2000, the trial court reversed its earlier decision of December 2, 1999, and rendered judgment affirming the decision of the BZA to grant the variance to Gambino’s. Citing a “lack of sensitivity between the Zoning Ordinance and the particular operation it seeks to regulate,” the trial court found that the granting of the variance was reasonable. The trial court noted that the staff of the BZA had investigated another Gambino’s Bakery and concluded that because of the merchandising method involved in this type of operation, eight off-street parking spaces would be adequate. The court stated its belief that the proper function of the BZA is to grant relief from the CZO and its application to the realities of a particular operation.
Plaintiff David DeMonte now appeals the January 25, 2000 trial court judgment. In one of its assignments of error, plaintiff argues that the BZA failed to provide the legal notice of the public hearing required under Section 14.9 of the CZO for Gambino’s application for a variance. This argument has merit.
I/The BZA was created under Section 14.1 of the CZO. Section 14.6 of the CZO grants the BZA the power to authorize variances from the requirements of the CZO “in accordance with the standards hereafter prescribed.”
Section 14.9, entitled Notice and Public Hearing, states as follows:
For all matters within the Board’s jurisdiction, as set forth in this article 14, the Board shall cause a public hearing to be scheduled and shall decide the matter following such public hearing. The Board of Zoning Adjustments shall *1026 give public notice of the date, time, and place of hearings in the manner prescribed in Section 16.9.2(1), as well as personal notice to the interested parties no later than five (5) days preceding the hearing date, in accordance with Section 16.9.2(4). Such hearing shall be held within forty-five (45) days following the receipt of the application in correct form, and a decision on the disposition of the matter shall be given within a period of forty-five (45) days following the hearing date. At the hearing, any party may appear in person, by agent of by attorney. Notice of the decision shall be provided as in Section 16.9.2(3).
Section 16.9.2(1) states as follows:
For applications for zoning text amendments, zoning map amendments, including requests for overlay zoning district and interim zoning district classifications, planned development districts, conditional use permits, and permits for transferable development rights, a notice setting forth the date, time, place and purpose of the public hearing, the name of the applicant, and identification of the subject property must be published once a week for three (3) consecutive weeks in the Official Journal of the City of New Orleans. At least twenty (20) days shall lapse between the first publication and the date of hearing.
Section 16.9.2(4) sets forth the manner in which personal notice of a public hearing must be given to the interested parties. Section 14.9 requires that both public and personal notice of a public hearing be given for all matters within the BZA’s jurisdiction. (Emphasis ours).
[ Jfhe record is completely devoid of any evidence demonstrating that public notice of the July 12, 1999 hearing was given in the manner set forth by Section 16.9.2(1) of the CZO. Therefore, the BZA’s decision rendered on July 16, 1999 after the hearing is null and void. Given the absence of the required public notice for the hearing, it is unnecessary for this Court to consider whether proper personal notice was given.
Gambino’s responds to plaintiffs argument regarding notice by stating that Louisiana law holds that a presumption of validity attaches to decisions of the BZA. See, Roy v. Kurtz, 357 So.2d 1354 (La.App. 4 Cir.1978). However, that presumption is rebuttable. See, Curran v. Board of Zoning Adjustments, Through Mason, 580 So.2d 417 (La.App. 4 Cir.1991). In this case, the deficiency of the public notice required under the CZO for the public hearing of July 12, 1999 rebuts the presumption of validity of the BZA proceedings.
For these reasons, we reverse the trial court’s judgment of January 25, 2000 and remand this matter for compliance with the notice requirements of the Comprehensive Zoning Ordinance. We pretermit discussion of the plaintiff’s remaining assignments of error.
REVERSED AND REMANDED.

. The Mid City Neighborhood Association was also a plaintiff in this matter and an appeal brief was filed on its behalf, but the Motion and Order for Devolutive Appeal was filed by David DeMonte only, and is silent as to the Mid City Neighborhood Association.