955 So.2d 155 (2007)
C. NAPCO, INC. and Ten Eleven Decatur Corp.
v.
The City of NEW ORLEANS.
No. 2006-CA-0603.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 2007.
Order Granting Rehearing May 4, 2007.
*157 Salvador Anzelmo, Thomas W. Milliner, Brian Burke, Law Office of Salvador Anzelmo, Metairie, LA, for Plaintiffs/Appellees and Third Party Defendants, C. Napco, Inc. and Ten Eleven Decatur Corp.
Stuart H. Smith, Kimberly Wooten Rosenberg, Catherine B. Cummins, Smith Stag, L.L.C., and Barry J. Cooper, Jr. Cooper Law Firm, L.L.C., New Oreans, LA, for Intervenors/Appellants.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS Sr. and Judge ROLAND L. BELSOME).
JOAN BERNARD ARMSTRONG, Chief Judge.
Intervenors/appellants, Stuart H. Smith ("Mr.Smith"), Vieux Carre Property Owners Residents and Associates ("VCPORA") and French Quarter Citizens for Preservation of Residential Quality ("FQCPRQ"), (hereinafter collectively "intervenors") filed this appeal from the judgment of the trial court that denied intervenors' request for a preliminary injunction against plaintiffs-appellees, C. Napco Inc. and Ten Eleven Decatur Corp. (hereinafter collectively "Café Sbisa"), the owners and operators of Café Sbisa to prohibit live music entertainment at Café Sbisa, a restaurant located in the historic Vieux Carre district of New Orleans. For the reasons that follow, we affirm the judgment of the trial court.
The manager of Café Sbisa was served a summons on March 12, 2004 for violation of City Code Sec. 30-1283, Mayoralty Permit Required for Live Entertainment. In response to the summons, on March 31, 2004, Café Sbisa filed a Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction in the Civil District Court for the Parish of Orleans against the City of New Orleans (hereinafter "City") through the Department of Safety and Permits ("DSP"). This petition was allotted to Division "N" and was assigned the docket number of "XXXX-XXXX." Café Sbisa alleged that it had acquired a legal non-conforming use by prescription as provided under La. R.S. 9:562 because it had provided continuous uninterrupted live musical entertainment for more than ten years at Café Sbisa without being cited for a permit violation. Café Sbisa also sought an injunction to enjoin the City from prohibiting live musical entertainment at Café Sbisa.
On August 26, 2004, intervenor, Stuart Smith, a neighboring landowner, intervened in that action. Smith sought a declaratory judgment stating that Café Sbisa was not entitled to live entertainment and a preliminary and permanent injunction to prohibit live entertainment in violation of the zoning ordinances. VCPORA and FQCPRQ, nonprofit corporations dedicated to preserve the quality of life and the historical character of the Vieux Carre, intervened on December 23, 2004, seeking the same relief as Smith.
During this period, Café Sbisa also filed an application for a live entertainment permit with the DSP. That application was denied. The DSP concluded that Café Sbisa had not offered continuous, live entertainment for ten years sufficient to acquire legal non-conforming use status. Café Sbisa appealed that decision to the Board of Zoning Adjustments (BZA). A hearing was held before the BZA on February 14, 2005, pursuant to which the BZA upheld the decision of the Director of Safety and Permits to deny the live entertainment permit.
*158 La. R.S. 33:4727(E) provides that any person aggrieved by any decision of the BZA may petition to the district court. In accordance with that statute, on March 15, 2005, Café Sbisa timely filed a Petition for Judicial Review of Adjudication and Writ of Certiorari with the district court which was allotted to Division "D" under the docket number "XXXX-XXXX." Café Sbisa's petition requested that the district court reverse the decision to deny the permit and also requested that the court issue an order prohibiting the City from taking any action in reliance on the BZA decision until the district court rendered a judgment to determine its legality. On March 16, 2005, the district court signed an Order "prohibiting the City of New Orleans from taking any action in reliance based on the disposition of BZA Docket 181-04 at the BZA meeting held on February 14, 2005 until judgment shall [sic] be pronounced in this Court concerning the legality of the proceedings complained of in this Petition." There is nothing in the record to show that this stay order has ever been rescinded and the appellants do not contend otherwise. We shall, therefore, proceed upon the assumption that it is still in effect. We find no objection to the stay order in the record.
Thereafter, the City and Café Sbisa filed a joint motion to transfer Café Sbisa's Division "D" Petition for Judicial Review of the BZA decision to Division "N," to which Division the earlier filed Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction filed by Cafe Sbisa had been allotted. As stated previously, it was in this original Division "N" proceeding that Stuart, VCPORA and FQCPRQ filed their interventions. The transfer order was signed by the transferring judge for Division "D" on April 27, 2005 and signed by the transferee judge for Division "N" on May 2, 2005.
The trial court judge initially heard the intervenors' request for a preliminary injunction on February 18, 2005 filed in the first suit. Intervenors argued that a preliminary injunction should issue because Café Sbisa was not zoned or permitted to have live entertainment. In support of this position, they cited the decisions of the DSP and BZA that denied Café Sbisa's request for a permit and their findings that Café Sbisa did not meet the requirements to acquire legal non-conforming use status. Café Sbisa countered that the intervenors failed to file any affidavits in support of their motion for preliminary injunction, that they failed to allege or prove irreparable injury, that issuance of the preliminary injunction would alter the status quo and that the intervenors failed to make a prima facie showing that they would prevail on the merits because their enforcement claim had prescribed. Café Sbisa argued that La. R.S. 9:5625 required the City to enforce any zoning violation against Café Sbisa within ten years of the first violation and that as the City had failed to do so, it was now time barred from doing so.
The trial court granted Café Sbisa's exception of prescription on April 11, 2005. The intervenors then filed a Motion for Expedited New Trial and/or to Vacate Judgment. Their motion asserted that the judgment granting the exception of prescription was flawed because an exception of prescription must be specially pled and there must be a hearing on the exception before it can be decided. The trial court conducted a hearing on intervenors' Motion for New Trial and/or to Vacate Judgment on June 1, 2005. Thereafter, on March 6, 2006, the trial court vacated the exception of prescription; however, it denied intervenors' request for a preliminary injunction. From that judgment, intervenors filed the present appeal.
*159 Café Sbisa contends that this Court cannot consider those issues raised by the intervenors that go to the legality of the DSP or BZA decisions to deny the live music permit and their factual findings as to whether or not Café Sbisa had acquired legal non-conforming use status because the BZA's decision should not be treated as a final judgment. Café Sbisa argues that because L.R.S. 33:4727(E) specifically gives Café Sbisa the right to petition to the district court to review the legality of that decision, which Café Sbisa has elected to do, the decision of the BZA should not be treated like a final judgment. The fact that an appeal may lie from a judgment does not mean that it is not a final judgment. By way of analogy, the fact that a judgment of the district court may be appealed to this Court does not mean that it is not a final judgment. To the contrary, in most cases, if it is not considered to be a final judgment it is not appealable. See La. C.C.P. arts.2083, 1911, and 1841. A judgment determining the merits of a case is a final judgment. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079. The ruling of the BZA should be treated as a judgment (see Old Carrollton Neighborhood Ass'n v. City of New Orleans ex rel. Its Bd. of Zoning Adjustments, 03-0711, p. 8 (La.App. 4 Cir. 10/1/03), 859 So.2d 713, 718) and, because it determined the merits of Café Sbisa's claim, it should be treated as a final judgment.
Intervenors-appellants maintain that the trial court abused its discretion by denying their request for a preliminary injunction primarily because the determinations of the BZA and the Director of the DSP are presumptively valid. While it is true that district courts have original jurisdiction to review decisions of Board of Zoning Adjustments through writs of certiorari, they must generally apply a presumption of regularity to the board decisions. Curran v. Board of Zoning Adjustments Through Mason, 580 So.2d 417, 418 (La.App. 4 Cir.1991); Gertler v. the City of New Orleans, 346 So.2d 228, 233 (La.App. 4 Cir.1977). That presumption is rebuttable, but the "reviewing court must first determine or establish whether or not the decision of the board or administrative agency is supported by substantial and competent evidence adduced in the proceedings which are regular and orderly." Curran, supra, quoting Gertler, supra.
The only evidence offered by the intervenors in the hearing below resulting in the judgment leading to this appeal was a "Notice of Disposition of Zoning Case" from the Board of Zoning Adjustments showing that the request to appeal the decision of the Director of Safety and Permits denying the application for a live entertainment permit was denied pursuant to the hearing held on February 14, 2005. The only reviewable information contained in the "Notice" is found in the following statement:
Whereas the Board carefully considered the facts, the arguments for and against the application at the public hearing and after considering the Comprehensive Zoning Ordinance No. 4264 M.C.S., as amended, the Board is of the opinion that the decision of the Decatur of Safety & Permits be UPHELD and the APPEAL DENIED FOR 1011 Decatur Street.
Based upon this mere conclusory statement, there is no means whereby either the district court or this Court can determine whether the Board of Zoning Adjustments decision was "supported by substantial and competent evidence adduced in the proceedings which are regular and orderly," a determination this Court said in Curran, supra, must first be made "first" *160 as an antecedent to according a presumption of validity to the decision of the BZA.
Generally, to obtain a preliminary injunction, the petitioner must show that he will suffer irreparable injury, that he is entitled to the relief sought, and that he will prevail on the merits. Kruger v. Garden District Ass'n, 00-1135, pp. 4-5 (La.App. 4 Cir. 1/17/01), 779 So.2d 986, 990, rehearing denied, writ denied, 01-0773 (La.5/4/01), 791 So.2d 658. An injunction is a harsh, drastic remedy that should only issue where the petitioner is threatened with irreparable harm and has no adequate remedy at law. Id. at 991.
In this matter, intervenors do not specify the irreparable injury that they will suffer if a preliminary injunction does not issue. Rather, intervenors argue that they need not show irreparable injury and that a preliminary injunction would not disrupt the status quo because Café Sbisa was operating in violation of the law. To support this argument, they rely on the decisions of the DPS and the BZA that denied Café Sbisa the live music entertainment permit and their findings that Café Sbisa had not acquired legal non-conforming use status. Although a violation of a prohibitory law is an exception to the need to show irreparable injury, under the facts of this case, it is premature to conclude that Café Sbisa's offering of live entertainment is in violation of the law. At the time that the trial judge denied intervenors' request for a preliminary injunction, the trial record already contained an order from the consolidated case that enjoined the City from enforcing the BZA decision until the trial court ruled on the decision's merits. Inasmuch as the trial court has not rendered that judgment, Café Sbisa can still lawfully offer live music entertainment.
A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits; therefore, a trial court has great discretion to grant or deny the relief requested. LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, INC., 02-0663, p. 3 (La.App. 4 Cir. 11/20/02), 833 So.2d 1010, writ denied, XXXX-XXXX (La.12/19/02), 833 So.2d 339. An appellate court will disturb the trial court judgment only upon a showing of abuse of its great discretion. A to Z Paper Co., Inc. v. Carlo Ditta, Inc., XXXX-XXXX (La.App. 4 Cir. 9/9/98), 720 So.2d 703, appeal after remand XXXX-XXXX, 775 So.2d 42, rehearing denied, writ denied, XXXX-XXXX (La.2/9/01), 785 So.2d 824.
In the present matter, intervenors have not demonstrated irreparable injury. They have an adequate remedy at law as the trial court has not yet ruled on the legality of the BZA decision. The record contains no evidence in support of the BZA decision. Moreover, as noted previously, a stay order of that BZA decision is in effect and as the record contains no objection to that stay order we find no basis for questioning the broad discretion of the trial court in the conduct of the trial in that regard.
Based on the foregoing, we find that the trial court did not abuse its vast discretion to deny intervenors' request for a preliminary injunction. Accordingly, the judgment is affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
Considering the application for rehearing of the Vieux Carre Property Owners Residents and Associates ("VCPORA") and the French Quarter Citizens for Preservation of Residential Quality ("FQCPRQ"), we grant rehearing for the limited purpose of noting that the term *161 "consolidated" found on page "___" of the original opinion should read "transferred" consistent with all other such references found on page "___" of the original opinion and that the sentence in which it is contained on page seven of the original opinion should now read:
At the time the trial judge denied intervenors' request for a preliminary injunction, the transferred case already contained an order staying the City from enforcing the BZA decision until the trial court ruled on the decision's merits.
We affirm the original opinion in all other respects. We further note that the appellants in their "Motion for Leave to File a Reply Brief on Behalf of Appellants/Intervenors" acknowledge both the transfer order and the stay order referred to in the original opinion of this court.