970 So.2d 17 (2007)
DESIRE NARCOTICS REHABILITATION CENTER, INC.
v.
STATE of Louisiana, DEPARTMENT OF HEALTH AND HOSPITALS, Secretary Frederick P. Cerise, M.D., M.P.H.
No. 2007-CA-0390.
Court of Appeal of Louisiana, Fourth Circuit.
October 17, 2007.
Edwin M. Shorty, Jr., Michael J. Hall, Tony Dooley, Shorty, Dooley & Hall, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Nancy L. Kelly, Department of Health and Hospitals, Bureau of Legal Services, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Desire Narcotics Rehabilitation Center, Inc. ("DNRC") filed this devolutive appeal from the trial court's judgment denying its Petition for Preliminary Injunction against the State of Louisiana Department of Health and Hospitals ("DHH"). For the reasons more fully set forth below, we affirm the trial court's judgment.
Relevant Facts
DHH is the Louisiana state department that administers, licenses, and regulates substance abuse/addiction treatment facilities.[1] *19 Since 1975, the State of Louisiana has required substance abuse treatment facilities to maintain a valid license to operate. By law, these licenses must be renewed annually.
For many years, DNRC operated as a licensed substance abuse rehabilitation facility in the heart of the Desire housing project in the City of New Orleans. DNRC's annual license was set to expire on November 30, 2006. On September 18, 2006, DHH mailed a renewal notice to DNRC, with the applicable annual renewal application for a substance abuse/addiction treatment facility, reminding DNRC that its license would expire on November 30, 2006 and that DHH must receive the application and renewal fee in order to process the license renewal application. On November 2, 2006, DHH sent a "Second Notice" to DNRC. Mistakenly attached to this notice was an ESRD (end stage renal disease) application. Additionally, at the request of the owner of DNRC, DHH also sent a license renewal application to the owner's home address.
On November 27, 2006, DHH received a partially completed ESRD application from DNRC, but neither the necessary substance abuse treatment facility application nor the license renewal fee was attached. Immediately thereafter, DHH returned the incorrectly submitted ESRD application to DNRC with a note informing DNRC that it had submitted the wrong application. Attached to this correspondence was another application for renewal for a substance abuse/addiction facility. DNRC did not respond.
On December 1, 2006, DHH sent DNRC a certified letter informing it that its license had expired for failure to return the application and renewal fee. The letter also stated that DHH would terminate DNRC's license and close its file unless DNRC submitted the application and fee within 10 calendar days. Twenty days later, having not received the renewal application or fee, DHH sent DNRC a certified letter notifying it that it must cease and desist operations as a substance abuse/addiction facility. The letter was received by DNRC on December 28, 2006. After receiving this letter, DNRC mailed the correct application and $700 renewal fee check on December 29, 2007, almost a month after its license had expired. That same day, DNRC filed a Petition for Injunction seeking to restrain, enjoin and prohibit the State of Louisiana from enforcing the cease and desist order and requesting a temporary restraining order. The district judge denied DNRC'S request for a restraining order.
On January 18, 2007, after a hearing on the injunction, the trial court denied DNRC's request for a preliminary injunction on the basis that there was "no showing of wrongdoing" on the part of DHH. The trial court found that DHH was acting within the policies and procedures that have been promulgated by the department in the regulation of rehabilitation facilities. The court also denied DNRC's Motion for New Trial on January 31, 2007. This appeal followed.
Assignments of Error
According to DNRC, the trial court erred in finding that:
1. It had no authority to order the DHH to issue a license or restrain the department from enforcing its cease and desist order;

*20 2. DNRC would be irreparably harmed by the actions of DHH; and
3. DHH violated the due process rights of DNRC by refusing to renew DNRC's license.
Law and Analysis
DNRC argues that the trial court erred in denying its petition for preliminary injunction and in failing to order DHH to accept DNRC's late-filed application. Article 3601 of the Louisiana Code of Civil Procedure provides that, "an injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law . . ." La.Code Civ. Proc. art. 3601. Generally, in order to obtain a preliminary injunction pursuant to article 3601, a petitioner must show that he will suffer irreparable injury in the absence of the injunction, that he is entitled to the relief sought, and that he can make a prima facie showing that he will prevail on the merits. C. NAPCO, INC. v. The City of New Orleans, 06-0603, p. 6 (La.App. 4 Cir. 3/7/07), 955 So.2d 155, 159.
A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits. C. NAPCO, supra, at p. 7, 955 So.2d at 160. The trial judge in a preliminary injunction hearing has great discretion to grant or deny the relief. Id. An appellate court will disturb the trial court judgment only upon a showing that the trial court abused its great discretion. Id., citing, A to Z Paper Co., Inc. v. Carlo Ditta, Inc., 98-1417 (La.App. 4 Cir. 9/9/98), 720 So.2d 703. In the instant case, the trial court found that DNRC did not make a prima facie showing that it was entitled to a preliminary injunction. Thus, the question before this Court is simply whether the trial court abused its vast discretion in finding that DNRC did not present a prima facie case for injunction.
The DHH has promulgated rules governing the providers of substance abuse treatment services, including procedures and protocols pertaining to the application process.[2] Pursuant to statute, all licenses must be renewed annually and the license expires on the last day of the twelfth month after date of issuance unless otherwise renewed. La. Rev.Stat. 40:1058.8. Additionally, all applications for license renewal must be accompanied by a renewal fee. Id. No substance abuse/addiction treatment facility may operate without a valid, current, license. La.Rev.Stat. 40:1058.3(A)(2). The operation of a substance abuse/addiction treatment facility without a valid, current license is a misdemeanor offense punishable by a fine of up to five hundred dollars for each day of violation. See La.Rev.Stat. 40:1058.9.
DHH argues that DNRC is not entitled to injunctive relief because there was no improper action taken by DHH to enjoin. We agree. Through its own actions or omissions, DNRC allowed its license to expire by failing to submit the proper application and licensing fee by the required date. DHH even allowed DNRC ten additional days from the receipt of the December 1, 2006 warning letter to submit the proper paperwork and fee. The record shows that DNRC did not submit the correct renewal application or renewal fee until December 29, 2007, a month after its license had expired, and after it had received the cease and desist order. Because it was a violation of § 40:1058.3(A)(2) *21 for DNRC to operate without a license, DHH was within its rights to order DNRC to cease and desist operations. Considering the fact that DNRC failed to comply with the statutes and regulations necessary in order to maintain its license, DNRC would be unable to prevail on the merits at trial, and it was not entitled to an injunction. Moreover, because an injunction is merely a device to preserve the status quo between the parties and to prevent a party from acting, rather than to force a party to act, the trial court did not have the authority, as DNRC argues, to force DHH to accept DNRC's late-filed application and renewal fee, even if it had been warranted.
DNRC further argues that the trial court erred in failing to find that DNRC was irreparably harmed by DHH's actions in ordering it to cease and desist operations. Although it is unfortunate that DNRC will have to close its doors and its former clients will be forced to seek treatment at another treatment facility, DHH's actions did not bring about these circumstances. DNRC's license expired on the same date every year and DNRC was aware of the procedure for renewing its license. Although DHH gave DNRC ample opportunity to send in the correct renewal application and fee, DNRC failed to do so until after it received the cease and desist order. At that point, its license had been expired for over a month and it was operating in violation of the law. DHH was merely enforcing the law in ordering DNRC to cease operations. DNRC's own actions, rather than those of DHH, are what caused DNRC to close its doors to the public. Accordingly, this argument is without merit.
DNRC's assignment of error regarding due process is also without merit. Although Louisiana Revised Statute 40:1058.6 does require the department to provide written notice and a hearing, if requested, when a license has been revoked or denied, such is not the case here. DHH did not revoke or deny DNRC's license to operate. Rather, DNRC failed to timely renew its license and submit the proper fees, causing its license to expire. By ordering DNRC to cease and desist operations, DHH simply acted within its authority to enforce the statutory regulations. Therefore, a hearing was not warranted and there has been no violation of DNRC's due process rights.
After a review of the record in light of the relevant law, we agree with the trial court's finding that DNRC did not make a prima facie case that it is entitled to a preliminary injunction against DHH. DNRC failed to submit an application and required fee for renewal of its license as a substance abuse/addiction treatment facility and allowed its license to expire. DHH followed the policies and procedures promulgated by the department and outlined in the relevant statutes. Based on the foregoing, we find that the trial court did not abuse its vast discretion in denying DNRC's request for a preliminary injunction. Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
NOTES
[1] "Substance abuse/addiction treatment facility" means any facility which presents itself to the public as a provider of services related to the abuse/addiction of controlled dangerous substances, drugs, or inhalants, alcohol, problem and compulsive gambling, or a combination of the above." La.Rev.Stat. 40:1058.1.1(A)(7).
[2] These rules are published in the Louisiana Register, Volume 26, Number 7, July 20, 2000 and its amendment in Louisiana Register, Volume 31, Number 3, March 20, 2005 (also referred to as LAC 48:I.Chapter 74).