*668 McKAY, J.,
Dissents with Reasons.
hi respectfully dissent from the majority’s decision to grant this writ. I would deny the writ and affirm the trial court’s granting of the preliminary injunction.
The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant. La. C.C.P. art. 3601. During the pendency of an action for an injunction, the court may issue a temporary restraining order, a preliminary injunction or both. Arco Oil & Gas Co. v. DeShazer, 98-1487 (La.1/20/99), 728 So.2d 841. A preliminary injunction may be granted pending trial on the merits of a permanent injunction in order to preserve the preexisting status of the parties. Metro Riverboat Associates, Inc. v. Bally’s Louisiana, Inc., 97-1672 (La.App. 4 Cir. 1/14/98), 706 So.2d 553. The purpose of a preliminary is to preserve status quo until trial on the merits; on the other hand, a permanent injunction can be issued only after full trial on merits in which burden of proof is by preponderance of evidence. Louisiana Gaming Corp. v. Jerry’s Package Store, Inc., 629 So.2d 479 (La.App. 3 Cir.1993). See also Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall, 2004-0211 (La.3/18/04), 867 So.2d 651, 655. The trial judge in a preliminary injunction |ahas great discretion to grant or deny that relief. An appellate court will disturb the trial court judgment only upon a showing that the trial court abused its discretion. See Desire Narcotics Rehabilitation Center, Inc. v. State, Department of Health and Hospitals, 2007-0390 (La.App. 4 Cir. 10/17/07), 970 So.2d 17, 20. In the instant case, there is no indication that the trial court abused its discretion. The injunction issued by Judge Medley restores the City’s rights, ensures that records exempt from disclosure under the Louisiana Public Records Act (LAPRA) are appropriately protected, and provides an orderly process for dissemination to the relators the records to which they are entitled. The injunction recognizes the public’s right of access as well as the necessary procedures to ensure that access. The injunction preserves the preexisting status of all parties by ensuring that non-public records or records otherwise exempt from disclosure by law be identified and appropriately withheld. Any error asserted by relators is harmless because full compliance with the preliminary injunction will simply return the parties to their preexisting status. This is not a permanent resolution of the issue between the parties but is merely a procedural device which gives the trial court time to perform its proper function and examine the materials and make a determination as to what are public records that should be released and what are not. This function is "within the trial court’s discretion and we should not interfere with the trial court’s judgment absent an abuse of that discretion.
Although the relators argue that the preliminary injunction violates their rights under the United States Constitution, specifically the First Amendment rights to free speech, publication, and association and the Fifth Amendment right to due process, the relators did not raise these constitutional issues below. The hearing transcript is devoid of any arguments on constitutional issues. As such, this Court is precluded from considering these issues on supervisory review. See |3 Williams v. State, Dept. of Health and Hospitals, 95-0713 (La.1/26/96), 671 So.2d 899.