TERRI F. LOVE, Judge.
|, This appeal arises from a motion to decertify a class of plaintiffs regarding damages allegedly suffered as a result of Hurricanes Katrina and Rita. The trial court denied Louisiana Citizens Property Insurance Corporation’s motion to decertify. We find that the trial court did not abuse its discretion by denying the motion to decertify the class because there were no material changes in circumstance, which would warrant decertification at this stage in the proceedings, and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background of this class action lawsuit, which culminated prior to the present appeal, is discussed at length in this Court’s decisions in Orrill v. AIG, Inc., 09-0566; 09-0568 (La.App. 4 Cir. 12/09/09), 26 So.3d 994 and Orrill v. AIG, Inc., 09-0888 (La.App. 4 Cir. 4/21/10), 38 So.3d 457.
After this Court vacated the class settlement proposal in Orrill v. AIG, Inc., 09-0888 (La.App. 4 Cir. 4/21/10), 38 So.3d 457, the trial court granted an ex parte consent motion to redefine the constituency of the class. The redefinition of the Orrill class of plaintiffs included:
All present or past insureds of Louisiana Citizens Property Insurance Corporation, a/k/a Louisiana Citizens |2Fair Plan, herein after referred to as “LCPIC,” who, on or after August 29, 2005, provided notification of loss resulting from Hurricane Katrina and /or [sic] Rita to LCPIC notwithstanding whether loss adjustment was initiated within thirty (30) days after notification of loss, whose claims were not followed by written offer to settle within thirty (30) days after receipt of satisfactory proof of loss.
Louisiana Citizens Property Insurance Corporation (“LCPIC”) consented to the redefinition of the class, but reserved its right to file a motion to decertify the class. In fact, LCPIC stated at the hearing that if no settlement was reached, it would file a motion to decertify the class.
Accordingly, following another failed attempt to settle the claims of the class, LCPIC filed a motion to decertify the class, which the trial court denied. The trial court stated, in its reasons for judgment, that it considered the redefinition that LCPIC consented to and found that there was “no material change in circumstance sufficient enough to warrant a de-certification.” LCPIC’s appeal followed.

STANDARD OF REVIEW

Appellate courts review a trial court’s denial of a motion to decertify a class with the abuse of discretion standard of review. Billieson v. City of New Orleans, 09-0410; 09-0811, p. 9 (La.App. 4 Cir. 11/12/09), 26 So.3d 796, 802.

MOTION TO DECERTIFY

“The Louisiana Supreme Court has mandated that errors to be made in deciding class action issues should be in favor of and not against the maintenance of the class action.” Wallace v. Louisiana Citizens Prop. Ins. Corp., 10-0647, p. 5 (La.App. 4 Cir. 12/6/10), 53 So.3d 514, 518. When a class is certified, the trial court may, “at any time thereafter before a decision on the merits of the common |aissues, ... may alter, amend, or recall its initial ruling on certification.” La. C.C.P. art. 592(A)(3)(c). The trial court may also “enlarge, restrict, or otherwise redefine the *649 constituency of the class or the issues to be maintained in the class action.” La. C.C.P. art. 592(A)(3)(c). “[A] class certification may be” modified “or the class de-certified if subsequent developments during the course of the litigation so warrant.” Wallace, 10-0647, p. 5, 53 So.3d at 518. This Court reiterated that:
[i]n the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of class, in the guise of motions to reconsider the class ruling.
Doerr v. Mobil Oil Corp., 04-1789, p. 4 (La.App. 4 Cir. 6/14/06), 935 So.2d 231, 234-35; quoting 3 Alba Conte and Herbert Newberg, Newberg on Class Actions, § 7:47 (4th ed.2002). Therefore, “[i]f there is to be an error made, it should be in favor of maintaining the class action.” Johnson v. E.I. Dupont deNemours & Co., Inc., 98-229, p. 7 (La.App. 5 Cir. 10/14/98), 721 So.2d 41, 44.
LCPIC asserts that maintaining the class will require individualized adjudications, especially regarding La. R.S. 22:658, which defeats the purpose of the class action mechanism. However, “[c]lass actions usually consist of at least two stages; first, disposition of the common issues and second, the adjudication of non-common individual issues.” Richardson v. Am. Cyanamid Co., 99-675; 99-682, p. 8 (La.App. 5 Cir. 2/29/00), 757 So.2d 135, 139. Additionally, the trial court examined these arguments when considering the initial class certification. The trial court also retains the right to decertify the class at any time prior to rendering a decision, which includes after a trial, but prior to rendering a decision.
14This Court recently affirmed the certification of the same class definition in Chalona v. Louisiana Citizens Prop. Ins. Corp., 08-0257, p. 15 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, 505. Relating to LCPIC’s arguments regarding La. R.S. 22:658, this Court stated that:
[a]t the appeal hearing, LCPIC argued that the definition’s inclusion of the term “satisfactory proofs of loss” was problematic since it is not a defined term, which would make it difficult for potential class members to understand whether they meet the criteria for the proposed class and even more difficult for LCPIC, who would be required to go through tens of thousands of files to determine if the proofs of loss provided by each particular plaintiff were “satisfactory.” We find no merit in this argument. The term “satisfactory proofs of loss” merely tracks the language of LSA-R.S. 22:658, the statute under which Plaintiffs have brought their claims. Individuals who allege that they provided LCPIC notice of a property damage claim resulting from Hurricanes Katrina and Rita who did not receive written offer of a settlement within thirty days are potential members of the defined class. At trial, each class member will still have to prove, individually, that they are entitled to recovery under the statute and that LCPIC is liable to them for damages. Moreover, LCPIC can easily verify their existence in the class by a review of their own business records to ascertain when the claims were made, whether “satisfactory proofs of loss” were provided, and whether written offers to settle were made within that given time frame.
Whether each individual class member has a valid claim against LCPIC will be hashed out at trial. A certification hearing does not determine liability. Davis, 844 So.2d at 253. It is not the correct *650 venue to decide the merits of the case or defenses the defendants may allege. Those matters are to be resolved at the trial on the merits. We find that the proposed class is sufficiently defined in order to give potential class members enough information to decide whether they are included within the class and to enable potential class members to decide whether to opt out of the class.
Chalona, 08-0257, pp. 10-11, 3 So.3d at 502-03.
|bLCPIC contends that the class action is not properly certified because no common questions of fact and law that predominate over the issues of fact exist. LCPIC also suggests that this Court determine “[w]hether such common, predominate questions exist; and” ... “[w]hether the class device is, in this case, superior to the other available means for resolving the claims made on behalf of the putative class.” In support, LCPIC relies upon case law that thoroughly discusses the required rigorous analysis and the trial court’s role in the original certification of a class. However, LCPIC misstates this Court’s role when reviewing a trial court’s denial of a motion to decertify a class because our review is limited in scope. Instead of applying the combined standard of review of manifest error for factual determinations and an abuse of discretion for certification utilized when reviewing class certification, we review a denial of a motion to decertify a class by determining if the trial court abused its discretion.
LCPIC has failed to prove that material changes occurred, which would warrant class decertification. The new class definition changed to include claims arising from Hurricane Rita, but deleted the claims regarding adjustment-related penalties. The change in the procedural posture in the class following the consensual redefinition, which spurned the motion to decertify, was that the parties failed to reach a settlement agreement. This Court ruled that the trial court did not abuse its discretion in denying a motion for decertification because there was no “material change in the facts, law or circumstances since the initial class ruling that would warrant class de-certification.” Billieson, 09-0410; 09-0811, p. 9, 26 So.3d at 802. Thus, given this Court’s prior holdings and that no material change occurred in the facts and circumstances of this case to justify decer-tification, we find that the trial court did not abuse its discretion in denying LCPIC’s motion for [ fidecertification at this time and affirm.

DECREE

For the above mentioned reasons, we find that the trial court did not abuse its discretion in denying LCPIC’s motion to decertify the class and affirm.
AFFIRMED