556 So.2d 957 (1990)
Jeff GALLE & Wilma Jo Galle, Plaintiffs-Appellees,
v.
Justin COILE, Defendant-Appellant.
No. 88-1026.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
*958 Patrick L. Durusau, Jena, for plaintiffs-appellees.
David James, Alexandria, for defendant-appellant.
Before GUIDRY, STOKER and YELVERTON, JJ.
GUIDRY, Judge.
This case involves a dispute between neighbors. Plaintiffs, Jeff and Wilma Jo Galle, sued defendant, Justin Coile, for damages and prayed for the issuance of a preliminary injunction, which they urge should ultimately be made permanent. In their petition, plaintiffs allege that they were harassed and disturbed by Coile who allegedly yelled, played loud music and discharged firearms on his adjoining property. Following a rule for cause and pending trial on the merits, the trial court issued a writ of preliminary injunction. Defendant appealed.
The issue before the court is whether the trial court properly issued a preliminary injunction against the defendant for his behavior on his own property.
Plaintiffs and defendant own adjacent tracts of land in rural LaSalle Parish. Plaintiffs built their home ten feet from the common property line on their 120-160 acre tract of land. Defendant is co-owner of the adjacent eight acre tract with his sister and his mother. Plaintiffs allege that on six specific occasions plus numerous others, defendant has had all night cookouts/campouts where he and his guests shouted various obscenities directed at the plaintiffs and have discharged firearms at or over their home. Plaintiffs have filed complaints with the sheriff's office and on one occasion had defendant arrested. Defendant and his witnesses deny ever directing their profanity or firearms at plaintiffs or their residence. The trial court found that whether or not the obscenities were directed at plaintiffs, they deserve some relief from these disturbances and granted the preliminary injunction. We find that absent a showing of a real or immediate threat of irreparable harm and no other remedy available at law, the granting of the preliminary injunction was improper.
La.C.C.P. art. 3601 states that "[a]n injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law, ...". The jurisprudence has developed an exception to this rule for situations where an injunction is sought against actions clearly contrary to expressed law. In such situations, a showing of irreparable injury is not necessary. Bossier v. Lovell, 410 So.2d 821 (La.App. 3rd Cir.1982), writ denied, 414 So.2d 376 (La.1982); New Orleans Pub. Serv. v. City Council, 539 So.2d 891 (La. App. 4th Cir.1989); and cases cited therein. We do not find the exception applicable since defendant's alleged activities are arguably illegal as opposed to clearly illegal and, therefore, plaintiffs were required to demonstrate irreparable injury.
Courts are generally reluctant to issue an injunction to restrain torts such as harassment. Greenberg v. DeSalvo, 229 So.2d 83 (La.1969), cert. denied, 397 U.S. 1075, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970). Despite this, the trial court issued an injunction prohibiting the defendant, "his agents or employees, from harrassing [sic] and/or disturbing Jeff Galle and Wilma Jo Galle by yelling, playing loud music, and/or discharging firearms on any property immediately *959 adjacent to the residence of Jeff Galle and Wilma Joe Galle". Plaintiffs allege and defendant admits to yelling profanity and discharging firearms. There is disputed testimony as to the time of day of these acts occurred and the direction in which the firearms were discharged. There is no evidence of loud music in the record. Plaintiffs assert that these actions by the defendant caused them mental anguish and worry. They seek the injunction out of fear that defendant will continue to harass and disturb them pending trial. We do not find this to be irreparable injury as required by Article 3601. Nor do we find, as aforestated, that the proof adduced brings this case within the stated exception.
Plaintiffs clearly have another remedy at law as evidenced by defendant's arrest on July 15, 1988. It is also evident that plaintiffs believe that their injury is susceptible to pecuniary measure since they also sued for damages. Our findings herein will not prejudice them in obtaining money damages or a permanent injunction to the extent that they can prove their entitlement to either at a trial on the merits.
The trial court distinguished this case from the case of Hairford v. Perkins, 520 So.2d 1053 (La.App. 3rd Cir.1987), based on the fact that in Hairford, the plaintiff waited at least seven months from the last alleged act of harassment before filing suit. The Hairford case arose out of a dispute between neighbors in rural Avoyelles Parish, Louisiana. Each party complained of acts of harassment perpetrated by the other. In a stipulated judgment in a prior suit, defendant was granted an injunction prohibiting plaintiff from "harming, harassing or threatening" defendant. Plaintiff then sued for a similar injunction against the defendant. The trial court found that despite plaintiff's delay in filing suit, the threats and dispute were ongoing. The court then granted the injunction stating, "I think it's only fair that there be Injunctions [sic] against both parties in that neighborhood". On appeal, we found the granting of the injunction to be erroneous since "plaintiffs did not present any evidence nor did they allege that there was any threat of immediate or future unlawful acts of a nature sufficient to establish a cause of action for relief by an injunction ". (Emphasis ours). Hairford v. Perkins, 520 So.2d at 1059. We also found that plaintiff did not prove that no other remedy at law was available or that their injury could not be compensated by an award of damages. We agree with the reasoning in Hairford and find it applicable to the present case.
For the reasons stated, the judgment of the trial court granting the preliminary injunction is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed. All costs of this appeal are assessed to plaintiffs-appellees. Costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.