609 So.2d 284 (1992)
Jessie M. DUNN, Sr., et al., Plaintiff-Appellee,
v.
LAND AND MARINE PROPERTIES, INC., et al., Defendant-Appellants.
No. 91-847.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Rehearing Denied December 22, 1992.
*285 Dale J. Brou, Boutte, for plaintiff/appellee.
Wm. H. Goforth, Lafayette, for plaintiff/appellee Heirs of Leona Gothreaux.
Brian P. Charboneaux, New Orleans, for defendant/appellant.
Before GUIDRY, J., and CULPEPPER[*] and SALOOM[*], JJ. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is an action of nullity. The Dunn heirs signed a "Contract of Representation" with Land and Marine Properties, Inc., to recover property from the Dunn Estate. The contract granted a mineral lease to the company as partial payment. The contract included a provision empowering the company to, "... perform all administrative and legal work, including the pursuit of litigation if necessary." The contract was assigned to an attorney, Mr. Haik, who filed a petition for possession in the Dunn Succession. The judgment of possession was granted and gave Mr. Haik almost half the estate. The heirs filed a petition to nullify the judgment of possession, *286 the contract of representation, and the mineral lease. On a motion for summary judgment, the trial court declared the contract of representation null and set aside the judgment of possession. However, the trial court denied summary judgment as to the mineral lease. Both sides appeal.

FACTS
In the case of Texaco v. Empire Land Company, et al, Docket No. 83-0166, U.S. District Court for the Western District of Louisiana, sixty acres of land in St. Martin Parish, which was included in two oil production units, was determined to be property of the heirs of John Dunn, Sr. and James Dunn. Approximately $500,000.00 in oil revenue is in the Registry of the U.S. District Court for the Dunn heirs. John Dunn, Sr. died in 1899 and James Dunn, his brother, died in 1870. They died intestate. No succession proceeding was begun before 1989.
On March 31, 1987, the Dunn heirs entered into a "Contract of Representation" with Land and Marine Properties, Inc. The purpose of this contract was for Land and Marine Properties, Inc. to help the Dunn heirs acquire ownership of their ancestors' estate. Land and Marine Properties, Inc. was to search the public records, prepare abstracts, investigate ancestry and family history, and perform "all necessary administrative and legal work, including the pursuit of litigation if necessary." The contract called for payment in the form of a contingency fee of 50% of anything of value received and a mineral lease on any property recovered. The contract also included a power of attorney from the heirs to Land and Marine Properties, Inc. to perform all acts necessary in pursuit of acquiring ownership of their ancestors' estate.
The contract of representation was assigned to Mr. Robert Haik, an attorney, who was also president of Land and Marine Properties, Inc. Mr. Haik filed a petition for possession in the Succession of John Dunn, Sr. and James Dunn on January 30, 1989, in St. Martin Parish. A judgment of possession was obtained the same day in ex parte proceedings. The judgment of possession placed the heirs in possession of about one-half of the estate and Mr. Haik in possession of the other half. There were a few absent heirs and one heir not represented by Mr. Haik. These heirs' portions of the estate were excepted from the judgment of possession and remain in the registry of the court. No appeal was taken from the judgment of possession and it became definitive on April 10, 1989.
The heirs allege they did not find out about the judgment of possession until March 14, 1989 because Haik did not tell them what constituted the estate or where the succession would be filed. The heirs obtained copies of the succession documents from the Clerk of Court's office in St. Martin Parish.
Upset over how much of the estate was distributed to Mr. Haik, the heirs filed a petition for nullity of judgment in the Dunn Succession. This was filed to stop distribution of funds from the succession to the defendant. On April 15, 1989 the heirs discharged Mr. Haik. The petition for nullity of judgment was filed April 6, 1989, and a supplemental petition for nullity of judgment was filed May 24, 1989. The heirs named both Land and Marine Properties, Inc. and Mr. Haik as defendants. These petitions were filed in the succession proceedings itself.
Mr. Haik filed an exception of no cause of action and there was a hearing on the exception October 26, 1989. The trial court sustained the exception of no cause of action and stated "that petitioners are required to proceed by direct action rather than the collateral attack embodied in their petition." The trial court dismissed the action of nullity. The heirs appealed, but later dismissed the appeal.
On November 7, 1989, the heirs filed a petition in a direct action against Land and Marine Properties, Inc. and Robert Haik alleging the same causes of action as in the prior petition for nullity. The heirs demanded in the petition that the judgment of possession be nullified, that the contract of representation and the mineral lease be nullified, and the court determine a reasonable *287 fee for Mr. Haik, as well as requesting costs and reasonable attorney's fees.
Defendants filed their answer on November 8, 1990, and on November 29, 1990, plaintiffs filed a motion for summary judgment. The trial court granted the motion for summary judgment in part and denied it in part. Judgment was granted declaring the contract of representation null and the judgment of possession null and void. The trial court denied the summary judgment as to the mineral lease. Judgment was signed May 6, 1991. The trial court found the business corporation, Land and Marine Properties, Inc., violated the prohibition in LSA-R.S. 37:213 that a non-attorney may not practice law. Thus, since the contract of representation was null, the judgment of possession was also null since a contract which has as its cause an unlawful purpose can have no effect.
Defendants, Land and Marine Properties, Inc. and Mr. Haik, appeal the granting of summary judgment on the judgment of possession and contract of representation. The heirs appeal the refusal of the trial court to grant summary judgment on the nullity of the mineral lease. They further appeal the failure of the trial court to include as reasons for declaring the judgment of possession null and void, the following:
1. It placed a non-heir, Robert Haik, in possession of succession property.
2. It omitted from the heirs, Genevieve Plaisance.
3. It was tendered in response to a petition for possession in which all of the petitioners failed to declare their unconditional acceptance of the succession.
4. It was based on ad-hoc proceedings which failed to provide representation for absentee heirs as is required by statute.
Several motions and exceptions were filed by appellants and appellees after the appeal was filed. Some were referred by us to the merits. All are now denied. We will discuss only those deserving explanation.
Defendants/Appellants and Plaintiffs/Appellees raise many assignments of error that will not be addressed as they are not necessary to our decision. The central dispositive issue is whether or not the trial court erred in granting summary judgment and declaring the contract of representation and the judgment of possession null, as well as refusing to grant summary judgment on the mineral lease.

EXCEPTION OF PEREMPTION
Defendants assert that the plaintiffs have claimed the action of nullity was brought due to the fraud of the contract of representation between them and Land and Marine Properties, Inc. Defendants point out that the contract was made in March 1987 and the action of nullity was not commenced until two years later, April 1989. They maintain that the peremptive period in an action of nullity based on fraud or ill practices is one year from the date the plaintiff discovered the fraud or ill practice. Plaintiffs did not plead the date of discovery of the act of fraud or ill practice. Therefore, defendants maintain that this action is perempted.
Defendants are in error. The relevant law is LSA-C.C. art. 2032.
Art. 2032. Prescription of action
Action for annulment of an absolutely null contract does not prescribe.
Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.
Nullity may be raised at any time as a defense against an action on the contract, even after the action for annulment has prescribed.
If the contract for representation was absolutely null, then it is imprescriptible. If the contract was relatively null, then this action is not perempted nor prescribed because it has not been five years since the contract was made. Defendants' error was in applying the one year prescriptive period of an action of nullity of a judgment for fraud, LSA-C.C.P. art. 2004, to the action of nullity of a contract. The judgment of possession was obtained January 30, 1989, *288 no appeal was taken and it became definitive April 10, 1989. The heirs filed the petition for nullity of judgment April 6, 1989. The judgment of possession was annulled by the trial court because it was a fruit of the contract of representation which was annulled.
The plaintiffs' action is not perempted. The defendants' exception of peremption is overruled.

GENEVIEVE PLAISANCE
Defendants also filed an exception of peremption or prescription, no cause of action and no right of action alleging Genevieve Plaisance Ambrozewski cannot make any claim in this action because her chance to prove her filiation to her mother became perempted, or prescribed in September 1982. Genevieve Plaisance claims she is the daughter of Bridget Dunn who died in 1932 or 1933. She is an illegitimate. Defendants assert that she did not claim she was an acknowledged illegitimate nor has she timely established her filiation. Defendants cite LSA-C.C. 209, which provides that an illegitimate may prove filiation by action brought within one year of the death of the parent or within 19 years of the birth of the child, whichever comes first. Bridget Dunn died in 1931 or 1932, so this peremptive period expired in 1932 or 1933. Genevieve was born in 1931 or 1932 so she is past nineteen years of age. There is a grace period in Acts 1981, No. 720, Sec. 2 which provides:
"Any person against whom the time period provided in this act would have already accrued except for the provisions of this section shall have one year from its effective date to bring a proceeding to establish filiation of a child. If no such proceeding is timely instituted, such filiation may not thereafter be established."
Genevieve Plaisance specifically pled in the original petition that since she was the daughter of Bridget Dunn and was omitted from the judgment of possession it must be declared a nullity. In the prayer plaintiffs requested the judgment of possession be ordered annulled because it failed to place Genevieve Plaisance in possession of her portion of the estate. The trial judge did not address this issue in his reasons for ruling because he annulled both the contract of representation and judgment of possession on other grounds. Appellees appeal the failure of the trial court to include as reasons for declaring the judgment of possession null and void because it omitted Genevieve Plaisance from the heirs.
This court affirms the lower court's decision to annul the contract and judgment of possession on other grounds for reasons contained herein. Defendants' exceptions are denied.

MOTION TO STRIKE
Defendants filed a second motion to strike and requested sanctions after plaintiffs filed a new brief. Defendant, in his first motion to strike, requested the docket sheet of Texaco v. Empire Land Co., et al, No. 83-0166, U.S. District Court for the Western District of Louisiana, which was attached to plaintiffs' first brief, be excluded, as it was not part of the record at the trial court level. This court ordered that exhibit struck. Defendant maintains that plaintiffs' reference to the case in the description of facts must also be stricken.
We find no harm in this reference as it is merely included for background information. Defendant also asserts that plaintiffs' inclusion in their reiteration of facts that Mr. Haik refused to tell them where the assets of the estate were or where the succession was to be filed should be stricken, as there was no affidavit regarding this in the motion for summary judgment. Again this court finds this harmless, as it is just plaintiffs' version of what happened. Defendant's motion to strike is denied, as is his motion for sanctions.

MOTION FOR IMMEDIATE JUDGMENT, FOR EXPEDITED HEARING AND FOR ORAL ARGUMENT
Defendants allege that plaintiffs' basis for seeking summary judgment in this case is they hired Land and Marine Properties, Inc. to be their attorney in the *289 Dunn Succession and that the contract of representation should be declared null because non-attorneys may not practice law. They assert that in another case the Dunn heirs, in answers to interrogatories, denied they ever hired Land and Marine Properties, Inc. Defendants therefore assert that plaintiffs are seeking to work fraud upon the court by denying in one case what they alleged in another case. Defendants thus request the court to grant an expedited hearing and judgment and to allow defendants to orally argue this motion.
The case defendants refer to is not presently before this court, therefore this court cannot consider any evidence in the case defendant refers to. Therefore defendants' motions are denied.

CONTRACT OF REPRESENTATION AND JUDGMENT OF POSSESSION
The central issue in this appeal is whether or not the trial judge was correct in finding the contract of representation null and, therefore, also the judgment of possession. The trial judge stated in his reasons for ruling that the contract the Dunns signed with Land and Marine Properties, Inc. was on its face a contract for legal services. He quoted the language of the contract that Land and Marine Properties, Inc. "... would perform all administrative and legal work, including the pursuit of litigation if necessary."
Land and Marine Services, Inc. is a nonprofessional corporation organized under Title 12, Chapter 1 of the Louisiana Business Corporation Law. LSA-R.S. 37:213 specifically prohibits the practice of law by a corporation, with the exception of a professional law corporation. The statute in pertinent part reads:
§ 213. Persons, professional associations and professional corporations entitled to practice law; penalty for unlawful practice
No natural person, who has not first been duly and regularly licensed and admitted to practice law by the Supreme Court of this state, no partnership except one formed for the practice of law and composed of such duly licensed natural persons, and no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 11 of Title 12 of the Revised Statutes, shall:
(1) Practice law;
(2) Furnish attorneys or counsel or an attorney and counsel to render legal services;
(3) Hold himself or itself out to the public as being entitled to practice law;
(4) Render or furnish legal services or advice;
(5) Assume to be an attorney at law or counselor at law;
(6) Assume, use or advertise the title of lawyer, attorney, counselor, advocate or equivalent terms in any language, or any phrase containing any of these titles, in such manner as to convey the impression that he is a practitioner of law; or
(7) In any manner advertise that he, either alone or together with any other person, has, owns, conducts or maintains an office of any kind for the practice of law.
No person, partnership or corporation shall solicit employment for a legal practitioner.
In Humes v. Kidd, 467 So.2d 25, 29 (La. App. 1 Cir.1985), writs denied, 472 So.2d 914, a clause in a contract between Mr. Kidd and heirs to a succession provided that Mr. Kidd (who was not an attorney) was to hire an attorney to pursue their succession claims. The First Circuit held the clause constituted an attempt to engage Kidd in the unauthorized practice of law under LSA-R.S. 37:213. The court found the contract to have as its cause an unlawful purpose and therefore could have no effect.
This court, in Gray v. Atkins, 331 So.2d 157 (La.App. 3 Cir.1976) writs denied, 334 So.2d 433 (La.1976), held a fee contract between plaintiff and attorney void because the attorney and the private investigator handling the death claims of plaintiff and daughter conspired to practice law together. Since the private investigator *290 could not practice law, the fee contract was void.
Defendants argue that Placid Oil v. Taylor, 306 So.2d 664 (La.1975), mandates that the instant contract of representation not be rendered null. In Placid, supra, a contract was entered into where a non-attorney would do work removing clouds from titles in return for certain mineral royalties. The Louisiana Supreme Court refused to find the contract null, stating:
We are unable to agree that, under the present record, the Copeland mineral deeds are absolute nullities, nor that, on the face of the recorded title, they are shown to have had an illegal cause. See Strange v. Robinson, 189 So. 338 (La. App. 2d Cir.1939).
The contract indicates that there may be question as to whether some of the services to be performed by Copeland constitute the practice of law. However, no evidence at all was introduced to show that, by reason of the contract, Copeland had actually performed any prohibited legal services. Nor can we say, for instance, that services performed by removing clouds from titles, such as locating heirs or having adverse claimants sign quitclaims prepared by lawyers, amount by themselves to the practice of law, so as to exclude non-lawyers from the useful functions historically performed by landmen.
The court found that routine work done by landmen did not constitute the practice of law, so the contract was not null on its face and therefore neither were the mineral deeds.
The present case differs from Placid Oil, supra. The contract of representation specifically calls for Land and Marine Properties, Inc. "to perform all necessary administrative and legal work, including pursuit of litigation if necessary."
Defendants argue, under Placid Oil v. Taylor, that plaintiffs must prove that Land and Marine Properties, Inc. actually practiced law. We disagree. The contract in Placid Oil was held not null on its face because there was a question as to whether the services to be performed constituted the practice of law. In the present case, there is no such question. The contract expressly provides that Land and Marine Properties, Inc. perform legal services. The contract is therefore null and void on its face, regardless of whether Land and Marine practiced law.
Public policy prohibits non-attorneys from practicing law. Attorneys are placed in a special position of trust and thus there are regulations governing attorneys' conduct. For the foregoing reasons the contract of representation is null.
Under LSA-C.C. art. 2033 an absolutely null contract or relatively null contract that has been declared null by the court, is deemed never to have existed. Since the contract of representation is null and void, then the judgment of possession, which was a result of the contract, is null and void also.

PLAINTIFFS' APPEAL
Plaintiffs attempt an appeal from the failure of the trial court to annul the mineral lease, and to give additional reasons for annulling the judgment of possession. Under LSA-C.C.P. art. 968, an appeal does not lie from the court's refusal to render any summary judgment. Therefore, we do not consider these arguments.

QUANTUM MERUIT
In plaintiffs' petition for nullity, they request the court fix a reasonable fee for Mr. Haik's services. In its reasons for granting summary judgment, the trial court stated Mr. Haik may be entitled to compensation for his services on a quantum meruit basis, but that was "something for another day." We agree. We will remand the case for further consideration of the quantum meruit issue.

DECREE
For the reasons assigned, the judgment appealed is affirmed. All costs are assessed against the defendants/appellants.
AFFIRMED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, and Judge Kaliste J. Saloom, Jr. participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.