632 So.2d 877 (1994)
Gary L. FOX, Plaintiff-Appellant,
v.
LAM, Defendant-Appellee.
No. 25616-CA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
*878 Gary L. Fox, pro se.
LAM, pro se.
Before BROWN, STEWART and WILLIAMS, JJ.
STEWART, Judge.
Gary L. Fox appeals the judgment of the trial court finding that he had entered into an agreement to remit his fees for the legal services that he had performed for the defendant, LAM. For the following reasons, we affirm the judgment of the trial court.

FACTS
On October 24, 1990, LAM entered into a contract with Attorney Gary L. Fox to represent her in a divorce and custody proceeding. She immediately paid Fox $250 for court costs and subsequently gave him another $171 for additional court costs. During the course of the representation, Fox and LAM became romantically involved. LAM obtained her divorce on March 11, 1991. During June 1991, Fox and LAM's relationship ended. On January 7, 1992, Fox sued LAM in Shreveport City Court for $451 to collect the fees due for his legal services. This amount was his $500 fee for handling the divorce minus a $49 overpayment in court costs that he had kept.
After a trial on the merits, the trial court found that sometime during the romantic relationship Fox had made a new oral contract with LAM. This new oral contract remitted all remaining further fees for his services. The court also found that LAM had made no subsequent agreement for Fox to charge LAM for his legal services. Fox appeals the judgment of the trial court.

DISCUSSION
We note at the onset that Fox contends in his reply brief that the brief filed by LAM uses unsuitable language in violation of URCA 2-12.4 and does not follow the form requirements of URCA 2-12.5. While we find that the brief filed by LAM does contain material not admitted into evidence at trial, we make the following observations. This court is able to determine what evidence may or may not be relied upon to uphold or reverse a trial court judgment. We also note that LAM is a lay person, unschooled in legal matters, and is proceeding without the assistance of counsel. We perceive no need to sanction LAM, nor to cause any portion of her brief or its attachments to be stricken. We now address the central issues in this appeal.
Fox contends that the trial court ignored the best evidence supporting his claim that he had never remitted the fees for his legal services. LAM contends that Fox had remitted his fee because of their relationship. The existence or nonexistence of a contract is a question of fact. See O'Rourke v. Tracy, 375 So.2d 747, 748 (La.App. 4th Cir.1979). A reviewing court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Department of Transportation, 617 So.2d 880, 882 (La. 1993). Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id. at 883.
*879 At trial, four people testified, the parties and LAM's mother and father. LAM and her parents both testified that they heard Fox tell LAM that she owed him nothing for his legal services because she was his girlfriend. Fox denied entering into any formal agreement with LAM to remit his attorney fees. He also argues that a letter he sent to LAM proves that she still owes him money. This letter was written by Fox; Fox also signed LAM's name to it. The letter stated that LAM still owed Fox money and wanted to be billed for the remaining fees. Fox stated that this letter and his testimony proves that LAM always intended to pay him for legal work.
The evidence and testimony adduced at trial necessitated that the trial court choose between two permissible views of the evidence, i.e., either Fox is right and a conversation remitting his fees did not occur or LAM is right and the conversation did occur. The trial court simply chose between these two versions of events and thus it cannot be clearly wrong. Stobart, supra. We therefore find Fox's contention has no merit.
Fox also contends that the trial judge was biased and/or prejudicial towards him. He lists several incidents which he claims demonstrate the trial court's bias and prejudice. Initially, Fox alleges that the trial court altered the trial transcript. However, pursuant to an order of this court, Fox was allowed to compare the transcript of the record with a recording of the proceeding. He has signified in writing that he could not find any discrepancies between the recording and the transcript. We therefore find this argument to be without merit.
Fox argues that the trial court's consideration of a complaint that LAM filed against him with the Disciplinary Board of the Louisiana State Bar Association demonstrates the court's bias. However, the record of this appeal shows that the trial court consistently prevented both, Fox and LAM, from alluding to the complaint to the Bar Association or to the outcome of that complaint, deeming all references to it as irrelevant to the issue of whether attorney fees were due to Fox. Thus, Fox's complaint is unsupported by the record and meritless.
Fox adverts to an alleged June 15, 1993 incident in which the trial court called Fox into its chambers and told him that it did not like this lawsuit. He also adverts that the trial court had a private conference with LAM and her parents after the trial. Admitting that he was not privy to what was discussed, Fox nevertheless asserts that this somehow proves that the trial court was not a "disinterested arbiter of the facts."
We have found no evidence of either of these alleged incidents in the record. As we cannot examine any evidence not contained in the record, Britton v. Morton Thiokol, Inc., 604 So.2d 130, 136 (La.App. 2d Cir.1993), Fox's allegations cannot be substantiated. Moreover, our careful examination of the record convinces us that the trial court conducted the trial fairly and impartially, giving both parties an equal opportunity to prove their case. We therefore reject Fox's contentions that the trial court was biased and/or prejudiced towards him.
Beyond the issues addressed above, we are concerned about the tactics that appellant has used to perfect his appeal. These tactics include accusing the trial court of altering the trial transcript and accusing the trial court of bias and prejudice in its conduct of the trial. Both of these accusations would constitute serious ethical misconduct if they had proved true. However, neither of these charges were supported by one scintilla of evidence in the record. Such baseless allegations are insulting and offensive. They also reflect badly on lawyers as a profession and our system of jurisprudence as a whole.
The Louisiana Supreme Court recently approved the Code of Professionalism. Article 7 of that Code continues to emphasize that an attorney "should not engage in personal attacks on other counsel or the court." A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity embodied in this Code. Appellant's groundless allegations about the trial judge clearly violate the Code of Professionalism. With respect to whether these allegations breach other applicable professional standards of conduct for lawyers, we defer that determination to the Disciplinary *880 Board of the Louisiana State Bar Association.

CONCLUSION
Finding no error in the trial court's conclusions nor in its conduction of the proceedings, we affirm the trial court's judgment. Costs are assessed against Fox.
AFFIRMED.
BROWN, J., concurs with written reasons.
BROWN, Judge, concurring.
I agree with the majority opinion that the trial court was not clearly wrong in choosing to believe defendant's version of the material events. The majority opinion, however, does not address an important issue. An attorney cannot competently represent a client in a seriously contested child custody case and also be romantically involved with that client. The attorney, under such circumstances, places the client's custody case in jeopardy. In short, the attorney is not representing the best interests of his client and has not earned nor is he entitled to a legal fee.
I am also concerned with this court's failure to take action after determining that the attorney-plaintiff's "groundless allegations about the trial judge clearly violated the Code of Professionalism." It is this court's responsibility to remedy such a clear violation.
I respectfully concur.