981 So.2d 765 (2008)
Carolyn Kay COON, Individually, et al., Plaintiff-Appellee,
v.
SMITH MONUMENT WORKS, INC., Defendant-Appellant.
No. 43,190-CA.
*766 Court of Appeal of Louisiana, Second Circuit.
April 9, 2008.
Philip Thomas Deal, for Appellant.
*767 Gaharan & Wilson by Donald R. Wilson, Jena, for Appellee.
Before PEATROSS, DREW and MOORE, JJ.
DREW, J.
Smith Monument Works, Inc., appeals a trial court judgment in favor of Carolyn Kay Coon, individually, and in her capacity as administratrix of the Succession of Terral Zeno Coon.
The district court found that:
 any claim against Smith Monument Works, Inc., for unfair trade practices, was not supported by the evidence;
 the parties never entered into a contract, since there was never a meeting of the minds, primarily as to the time frame expectations relative to the preparation and placement of a grave monument memorializing the life of Mrs. Coon's late husband; and
 accordingly, Smith Monument Works, Inc., was ordered to return payment made by Mrs. Coon, subject to a credit of $3,750 earned by the monument company as payment for time expended in furtherance of this transaction, pursuant to quantum meruit.
We affirm the lower court's ruling, adopting its Reasons for Ruling.

FACTS
Mr. Coon died in a tragic shooting accident. Shortly afterwards, Mrs. Coon and her children went to see Mr. Bobby Smith, proprietor of Smith Monument Works, Inc. The parties negotiated for the production of an elaborate and expensive monument, for which Mrs. Coon paid in full that date the sum of $30,816.79. The problem found by the trial court was that:
 the Coon family was focused on the time frame (completion and placement first by Father's Day, and later, by the Coon wedding anniversary in August); while
 Smith was focused on accuracy (appropriate drawings of grazing deer, oil derricks, and race cars) to be etched into the solid black stone, which was scarce and quite expensive.
Accordingly, the trial court found that, since there was no meeting of the minds, there was no contract.
Interestingly, the original pleadings alleged nonperformance of a contract. After trial, at the request of Mrs. Coon, the trial court allowed an expansion of the pleadings to conform to the evidence. The trial court then ruled that no contract came into existence. We cannot say the ruling was manifestly erroneous, particularly as it was in part based upon a credibility call by the court. Even if a member or members of this panel may have ruled differently as a trial judge, we must affirm unless we find the trial court was clearly wrong, and this we do not find.
As we concur with the trial court's appreciation that there was no contract, there is no need to review the alternate theory of this litigation, to-wit: nonperformance under the contract.

ADOPTION OF TRIAL COURT'S REASONS FOR RULING
We cannot summarize and express any better than the learned trial court a summary of the evidence and applicable law. We therefore adopt in toto the trial court's Reasons for Ruling (pages 49-53 of the record) and attach a copy as an exhibit to this opinion. We further attach a copy of the judgment appealed herein (pages 60-61 of the record).

DECREE
We affirm the ruling of the trial court:
*768  rejecting all claims against Smith Monument Works, Inc., under the Unfair Trade Practices Act;
 granting judgment in favor of Carolyn Kay Coon, individually and as succession representative of her late husband, and against Smith Monument Works, Inc., in the amount of $30,861.00, which is the amount she originally paid for the creation, provision, and placement of this gravestone;
 subject to a credit of $3,750.00 in favor of Smith Monument Works, Inc., for services rendered pursuant to the purported contract.
We further decree that all costs of court generated at the trial and appellate levels be evenly split between the parties.
AFFIRMED.

*769 APPENDIX A
CAROLYN KAY COON, individually, et al. THIRD JUDICIAL DISTRICT COURT
Versus C.D. No. 50,881 PARISH OF LINCOLN
SMITH MONUMENT WORKS, INC. STATE OF LOUISIANA
 * * * * * * * * * * * * * * * * * * * *
 REASONS FOR RULING
 * * * * * * * * * * * * * * * * * * * *
 This case arises from a dispute between plaintiff Carolyn Kay
Coon (Mrs. Coon) and defendant Smith Monument Works (Smith),
wherein defendant was hired to erect a monument upon the grave
of the plaintiff's deceased husband, Terral Zeno Coon. After
trial each party submitted written memoranda. By written motion,
filed after trial, Mrs. Coon asked that the pleadings be amended
to conform to evidence presented at trial. Smith filed an
opposition to the motion. The case is under advisement as to the
merits of the case, as well as the validity of the amendment
filed to the pleadings by Mrs. Coon.
FACTS
 Mr. Terral Zeno Coon died tragically as the result of a hunting
accident on December 27, 2004. Thereafter, Mrs. Coon and her
children sought to have erected an appropriate monument suitable
for the memory of her husband and their father. They viewed and
researched several headstones and monuments and eventually
contacted Mr. Bobby Smith, owner of Smith Monument Works on April
12, 2005. The three children and Mrs. Coon drove to Ruston to
meet with Smith. They took with them pictures of the monuments
and features that they might want to utilize. They expressed
their desire to have on the stone engravings of deer, a race
car, and an oil derrick, as those were the things that had been
most important in Mr. Coon's life. At that meeting, the parties
discussed the shape, size, stone type and color which would make
up the monument Mrs. Coon chose black solid stone. The size was
a four toot base with side "wings" of three feet. The monument
would also contain a place for herself upon her death.
 At trial Mrs. Coon testified how important it was to her and
her family that the monument was completed by Father's Day, and
how she had informed Mr. Smith of this importance at their
initial meetings. Testimony also revealed that when Mr. Smith was
asked if the monument would
*770
be completed by Father's Day he indicated that it "would be
cutting it close", but it "wouldn't be a problem" and the
monument would be finished by that date.
 The parties agreed upon a price. Mrs. Coon tendered the amount
of $30,861.00 by check. Mrs. Coon testified that Mr. Smith said
he would write up a contract and send it to her. It appears that
Mr. Smith did not prepare a written contract. Mrs. Coon
testified she never received a contract or anything in writing.
Instead, all communication was verbal, either in person or by
telephone. On the following day after the meeting, Smith
traveled to Jena, where Mr. Coon was buried in order to meet the
family at the grave site. They observed various other monuments,
and visited another cemetery. They agreed upon the general
monument that would be used. There was a discussion regarding
ledgers or grave covers, which were included in the $30,861.00
price. Mrs. Coon then decided that these ledgers or covers would
not be suitable at the site of Mr. Coon's grave. They agreed
that the amount for the ledgers or covets would be refunded to
Mr. Coon. To date, for various reasons, Mrs. Coon has not
received a refund of this amount.
 Following those initial meetings, there were several exchanges
of drawings between Smith and Mrs. Coon that involved various
corrections due to by Smith and changes in the design by Mrs.
Coon. Smith said he placed the preliminary order for the stone
on June 9, 2005. Mrs. Coon stated that she visited the Ruston
office, and learned that the monument could not be delivered by
Father's Day. She testified that she conveyed to Smith the
importance of at least having the monument completed by the
anniversary of her marriage, August 4. There were several
changes that Mrs. Coon wanted made, such as adding grass around
the deer and correcting the image of the race cars.[1] On
June 30, 2005, Mrs. Coon visited with Mr. Smith regarding the
plans for the monument. According to Mrs. Coon, Smith urged her
to make a final decision on the etchings, and told her that
stone had been "cut and polished." Mrs. Coon testified that she
had planned a vacation, but decided to postpone it in order to
complete the monument. Smith assured her that the drawings
would be completed and express mailed to her in a timely
fashion. Mrs. Smith testified she did not immediately receive
the corrected drawings, and mat she made almost daily telephone
contact regarding their campletion. Finally, on July 22, 2005,
Smith advised Mrs. Coon that the drawings were prepared and
ready. However, the drawings were still not in accordance with
her instruction regarding the race track. Mrs. Coon testified
she had
*771
specified a straight track rather than the circular one depicted
in the drawing. On this occassion, she spoke with an employee.
Misty Brown. Based upon a call to Keystone, Mrs. Brown learned
and thus informed Mrs. Coon that the stone was not there, but it
could be delivered within four weeks.
 Devastated by the news that the monument would not be completed
by the August 4 anniversary date, Mrs. Coon contacted Smith to
advise him thai she desired to terminate bis services, and that
she wanted a full refund. Smith acknowledged that he owed her
the $6800 for the ledger or covers that had been cancelled, but
refused to provide a full refund contending that the verbal
contract committed him to complete the project.
 Regarding the communications between the parties, Smith
testified that he did not recall Mrs. Coon's desire to have the
atone completed by the August 4 anniversary date, although he
did recall that Father's Day had been discussed. He stated that
he communicated to her that the stone had been "cut and
polished" meant that the very large piece of stone had been cut
down, and that it could be delivered within a certain period of
time thereafter. He further acknowledged that the stone probably
was sent out on a "first come, first served" basis, and that be
did not fully explain that to Mrs. Coon. With regard to the ten
day to two week delay in delivering the drawings in the summer,
Smith expiained mat Keystone usually shut down lor at least a
ten day period around the Fourth of July, a practice that had
been followed for many years. Again, he did not advise Mrs. Coon
that the quarry would be closed, and that no action would be
taken during that period of time. According to Smith, his main
concern was that the monument be delivered in accordance with
the exact specifications of the buyer. He stated that he did not
remember or or appreciate the extreme importance of the
plaintiff's desire that the monument be delivered in accordance
with her specifications as well as within a certain tune frame.
He did concede that Mrs. Coon mentioned Father's Day, and that
she emphasized timeliness and correctness for the monument. His
concern was the end product not the time frame. For the Coon
family the time frame was a major concern.
LEGAL ANALYSIS
 First the court addresses the validity of the amendment made
subsequent to trial. The appropriate authority is found in La.
C.C. Pr. Ait 1154 which provides in pertinent part as follows:
*772
 When issues not raised by the pleadings are tried by
 express or implied consent of the parties, they shall be
 treated in all respects as if they bad been raised by the
 pleading. Such amendment of the pleadings as may be necessary
 to cause them to conform to the evidence and to raise these
 issues may be made upon motion of any party at any time, even
 after judgment; ...
 Evidence regarding the understanding of the parties regarding
time of delivery was elicited without objection. Assuming that
such objection had been made. La. C.C. Pr. Art. 1154 further
instructs the court to allow such amendmet and if necessary to
grant a continuance for the benefit of the objecting party to
meet such evidence. Pleadings can be enlarged by the evidence
and the trial judge has wide discretion to allow amendment to
conform the pleadings with the evidence. Stansell v.
Stansell, No. 25021-CA, (La. App. 2nd Cir.
08/18/1993) 622 So. 2d 1203. Accordingly, the court finds the
amendment appropriate and considers whether a contract was in
fact contacted.
 The existence or nonexistence of a contract is a question of
tact Fox v. LAM, 25,616 (La. App. 2d Cir. 2/23/94), 632 So.
2d 877. Under Louisiana law, the formation of a valid and
enforceable contract requires capacity, consent, a certain
object, and a lawful cause. The court must find there was a
meeting of the minds of the parties to constitute the
requirement of consent. Crowe v. Homeplus Manufactured
Housing, 877 So. 2d 156, No. 38,382, La. App. 2d Cir.
6/21/04) 877 So. 2d 156.
 In this case, the court finds that the lime of delivery was a
factor in the confection of the contract Mrs. Coon testified
credibly that she slated many times that both Father's Day, and
the. August 4 anniversary date were expressed to Mr. Smith as a
deadline for delivery. Yet Mr. Smith does not recall the August
4 date at all. Mrs. further stated that Mr. Smith on numerous
occasions assured her that delivery wquld be made by August 4.
The court finds Mrs. Coon's testimony more credible in that
regard. It is apparent that time of performance was an integral
part of the agreement to her. Also significant is that Mr. Smith
fatted to inform Mrs. Coon that the Keystone quarry would be
closed for a period of time prior to the anniversary date, a
factor which made delivery of the monument by August 4
impossible Smith was the more sophisticated party who was in tbe
business of providing monuments. Furthermore, he indicated that
a written contract was forth coming, but never provided one.
While, it is apparent that the parties may have agreed on
certain items, they did not have an agreement with regards to
the timeliness of the project. Specifically, it is evident that
Mr. Smith failed to understand that the
*773
Father's Day deadline was an integral condition of the
transaction between the two parties. Mrs. Coon was not simply
purchasing a monuments, she was purchasing a monument to be
completed by Father's Day. Most apparent the testimony of the
parties indicated that then was no "meeting of the minds" as to
die importance and significance of the timeliness, and the date
of delivery and completion of the monument. Accordingly, the
court finds that a contract did not exist between the parties.
 As there is no contract, there is no award for damages under
La. C.C. Arts.1998, 2769, or 2000. Likewise, the court finds
without merit plaintiff's claim under the Unfair Trade Practices
Act, La. R.S. 51:1409. While the court finds that the parties
did not have a meeting of the minds, Mrs. Coon did not prove bad
faith or unfair or deceptive methods of business by Smith. The
evidence at trial proves that there was simply a
misunderstanding, and clearly no meeting of the minds of the
parties. The court orders the amount paid by Mrs. Coon refunded
to her less the amounts awarded below to Smith for quantum
meruit.
 The court now considers whether the defendant is entitled to
payment far work performed prior to Mrs. Coon's decision to
terminate his services.[2] Smith testified that he spent
approximately 75 hours in preparation for the project. The court
awards $50.00 per hour[3] and awards Smith $3,750.00 for his
services.
CONCLUSION
 Each party is to bear their own costs. The attorney for Mrs.
Coon is ordered to prepare a judgment, submit it to opposing
counsel for approval within 30 days of the date of this ruling.
 THUS DONE AND SIGNED this 24th day of January, 2007
in Rustou, Lincoln Parish, Louisiana.

*774 APPENDIX B
CAROLYN KAY COON, : 3RD JUDICIAL DISTRICT COURT
INDIVIDUALLY, ET AL
VERSUS NO. 50,881 : PARISH OF LINCOLN
SMITH MONUMENT
WORKS, INC. : STATE OF LOUISIANA
 JUDGMENT
 This matter came for trial on merits on October 6, 2006
pursuant to regular assignment. Both parties were present, and
represented by counsel. Evidence was adduced, both in the form
of testimony and in the form of documentary evidence. Following
the conclusion of the testimony, plaintiff submitted a written
Motion to Amend Pleadings to conform to the evidence presented
at trial. The Motion to Amend was opposed, and for reasons
orally assigned, was granted. When the court, after review of
the pleadings, the testimony of the witnesses, the documentary
evidence adduced and the written memoranda of both counsel,
finding that the law and evidence favors the demands of
plaintiff in part, and defendant in part, for written reasons
assigned January 24, 2007, it is by reason thereof
 ORDERED, ADJUDGED AND DECREED mat there be and is hereby
judgment herein in favor of Carolyn Kay Coon, Individually and
as Provisional Administratrix of the Estate of Terral Zeno Coon,
and against the defendant. Smith Monument Works, Inc., in the
full sum of $30,861.00, less a credit for services rendered in
the amount of $3,750.00, with legal interest thereon from date
of judicial demand until paid. It is further
 ORDERED, ADJUDGED AND DECREED that plaintiff's for damages
under the provisions of La. C.C. Art. 1998, 2769 or 2000 are
denied, as is plaintiff's claim under the Unfair Trade Practices
Act, LSA-R.S. 51:1409. It is further
 ORDERED, ADJUDGED AND DECREED mat each party is condemned to
bear his or its own costs.
*775
 Judgment rendered January 24, 2007.
 Judgment signed this 22nd day of February, 2007.
APPROVED AS TO FORM:
CAROLYN KAY COON, INDIVIDUALLY
AND AS PROVISIONAL ADMINISTRATRIX OF
THE ESTATE OF TERRAL ZENO COON
GAHARAN & WILSON
ATTORNEYS AT LAW
P.O. BOX 1346
JENA, LOUISIANA 71342
(318) 992-2104

SMITH MONUMENT WORKS, INC.
MR. PHILLIP T. DEAL
DEAL & WHEELER
P.O. DRAWER 7380
MONROE, LOUISIANA XXXXX-XXXX

NOTES
[1] Mrs. Coon stated that she believed that all of the drawings were made by Smith but that she later learned that some were done by Keystone, the company which would ultimately deliver the stone to Smith.
[2] The civil law of Louisiana recognizes the equitable doctrine of quantum meruit, based on the concept that one who benefits by the labor and materials of another should not he unjustly enriched thereby. Under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor. La. C.C. art. 2294.
[3] The Court recognizes there is minimal evidence as to the amount Smith actually charges, but the Court listened to his testimony and viewed the exhibits and finds this amount to be reasonable. The Court also notes that Smith had the see of Mrs. Coon's money for a period of tune wherein the interest would have also compensated him for his time and efforts.