DREW, J.
h Smith Monument Works, Inc., appeals a trial court judgment in favor of Carolyn Kay Coon, individually, and in her capacity as administratrix of the Succession of Ter-ral Zeno Coon.
The district court found that:
• any claim against Smith Monument Works, Inc., for unfair trade practices, was not supported by the evidence;
• the parties never entered into a contract, since there was never a meeting of the minds, primarily as to the time frame expectations relativé to the preparation and placement of a grave monument memorializing the life of Mrs. Coon’s late husband; and
• accordingly, Smith Monument Works, Inc., was ordered to return payment made by Mrs. Coon, subject to a credit of $3,750 earned by the monument company as payment for time expended in furtherance of this transaction, pursuant to quantum meruit.
We affirm the lower court’s ruling, adopting its Reasons for Ruling.
FACTS
Mr. Coon died in a tragic shooting accident. Shortly afterwards, Mrs. Coon and her children went to see Mr. Bobby Smith, proprietor of Smith Monument Works, Inc. The parties negotiated for the production of an elaborate and expensive monument, for which Mrs. Coon paid in full that date the sum of $30,816.79. The problem found by the trial court was that:
• the Coon family was focused on the time frame (completion and placement first by Father’s Day, and later, by the Coon wedding anniversary in August); while
• Smith was focused on accuracy (appropriate drawings of grazing deer, oil derricks, and race cars) to be etched into the solid black stone, which was scarce and quite expensive.
Accordingly, the trial court found that, since there was no meeting of the minds, there was no contract.
| ..Interestingly, the original pleadings alleged nonperformance of a contract. After trial, at the request of Mrs. Coon, the trial court allowed an expansion of the pleadings to conform to the evidence. The trial court then ruled that no contract came into existence. We cannot say the ruling was manifestly erroneous, particularly as it was in part based upon a credibility call by the court. Even if a member or members of this panel may have ruled differently as a trial judge, we must affirm unless we find the trial court was clearly wrong, and this we do not find.
As we concur with the trial court’s appreciation that there was no contract, there is no need to review the alternate theory of this litigation, to-wit: nonperformance under the contract.
ADOPTION OF TRIAL COURT’S REASONS FOR RULING
We cannot summarize and express any better than the learned trial court a summary of the evidence and applicable law. We therefore adopt in toto the trial court’s Reasons for Ruling (pages 49-53 of the record) and attach a copy as an exhibit to this opinion. We further attach a copy of the judgment appealed herein (pages 60-61 of the record).
DECREE
We affirm the ruling of the trial court:
*768 • rejecting all claims against Smith Monument Works, Inc., under the Unfair Trade Practices Act;
• granting judgment in favor of Carolyn Kay Coon, individually and as succession representative of her late husband, and against Smith Monument Works, Inc., in the amount of $30,861.00, which is the amount she originally paid for the creation, provision, and placement of this gravestone;
Is* subject to a credit of $3,750.00 in favor of Smith Monument Works, Inc., for services rendered pursuant to the purported contract.
We further decree that all costs of court generated at the trial and appellate levels be evenly split between the parties.
AFFIRMED.
*769 _k
APPENDIX A
[[Image here]]
*770 [[Image here]]
*771 [[Image here]]
*772 [[Image here]]
*773 [[Image here]]
*774 [[Image here]]
*775 [[Image here]]