# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-17

SAMUEL PAUL GUILBEAUX

VERSUS

CAROLYN BEAN GUILBEAUX, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20055761 C/W 20064229 C/W
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

## MARC T. AMY
### JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED; MOTION TO STRIKE DENIED.**

L. Lane Roy
Preis & Roy
Post Office Drawer 94-C
Lafayette, LA   70509
(337) 237-6062
COUNSEL FOR DEFENDANTS/APPELLEES:
    Carolyn Bean Guilbeaux
    James Guilbeaux
    James Bean Guilbeaux
    Russell James Guilbeaux

Tori S. Bowling
Keogh, Cox, Wilson
701 Main Street
Baton Rouge, LA   70802
COUNSEL FOR DEFENDANTS/APPELLEES:
    Carolyn Bean Guilbeaux
    James Guilbeaux
    James Bean Guilbeaux
    Russell James Guilbeaux

**Warren D. Rush**
**Rush, Rush & Calogero**
**Post Office Box 53713**
**Lafayette, LA   70505-3173**
**(337) 235-2425**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Edith Marie Guilbeaux**

AMY, Judge.

The plaintiffs appeal the trial court's denial of a motion for temporary restraining order and preliminary injunction and/or permanent injunction. For the following reasons, we affirm the decision below. Further, as we will explain, we deny the motion to strike appellants' brief.

**Factual and Procedural Background**

The record indicates that Samuel Paul Guilbeaux (Samuel), acting as agent for his mother, Edith Leblanc Guilbeaux (Edith), filed a petition for accounting, monetary judgment, and injunction on November 7, 2005, alleging that Russell James Guilbeaux (Russell), Edith's son, Carolyn Bean Guilbeaux (Carolyn), Edith's daughter-in-law, and James Bean Guilbeaux (James), Edith's grandson, refused to return property that belonged to Edith despite repeated demands to do so. Samuel prayed for an accounting from the defendants "of all sums of money or things of value which rightfully belong to Edith . . . and to pay and return unto Plaintiff as Agent for Edith . . . , all of such sums of money and to deliver to Plaintiff all things of value whatsoever . . . ." This petition was later amended to add Edith as a plaintiff.

On August 10, 2006, Edith filed a petition for protection from abuse against Russell. The petition alleged that on August 9, 2006, "[t]he abuse inflicted on Petitioner occurred once again this date when Defendant attempted to have the suit filed against Defendant dropped so Defendant could retain property belonging to Petitioner." Edith requested that Russell be prohibited from: (1) abusing, harassing, following, stalking or threatening her; (2) contacting her in person, by phone, in writing, electronically or through person without the court's permission; (3) coming with 100 yards of her home; and (4) damaging any of Edith's belongings or shutting off any utilities, telephone service or mail delivery. An order of protection was issued

and was to remain in effect until a hearing on August 24, 2006. The trial court denied Edith's request for the return of property because it was "in litigation."[1]

On August 10, 2006, Edith also filed a petition for temporary restraining order, preliminary and permanent injunction against Carolyn. In her petition, Edith requested that an *ex parte* temporary restraining order be issued prohibiting Carolyn from (1) abusing, harassing, stalking, following or threatening her; (2) contacting her through any means; (3) going within 100 yards of her residence; and (4) damaging any of her belongings or shutting off any utilities, telephone service or mail delivery. The trial court issued an order of protection which was to remain effective until the September 25, 2006 hearing.

On August 25, 2006, the protective order proceeding against Russell and the temporary restraining order proceeding against Carolyn were consolidated with the accounting, monetary judgment, and injunction proceedings. After a hearing on March 12, 2007, the trial court denied Edith's motion for preliminary and/or permanent injunction. Edith subsequently filed a new motion for a temporary restraining order and preliminary injunction and/or permanent injunction. In that motion, Edith alleged that "[a]fter the [March 12, 2007] hearing, Defendants now continue to harass Edith . . . by going to her house and requesting her to drop the above captioned suit." On April 20, 2007, the trial court denied Edith's request for a temporary restraining order and preliminary injunction and/or permanent injunction. A hearing on said motion was set for May 21, 2007. Following the hearing, the trial court denied the motion and ordered that:

_____

[1] The trial court signed a judgment on August 30, 2006 in which it ordered that Russell execute a transfer of ownership of a 2001 Toyota Camry to Edith within fifteen days of this order. It also ordered that Carolyn "execute such documents as Legg Mason Wood Walker requires to reflect the name of the owner of the said Account . . . as Edith Leblanc Guilbeaux only within 15-days from date thereof."

[T]he only relief Edith Leblanc Guilbeaux has to prohibit Defendants in Rule, Russell James Guilbeaux and Carolyn Bean Guilbeaux, from any of the acts sought to be enjoined is through the criminal process charging such Defendants in Rule with trespassing, inasmuch as there is no civil remedy afforded to complainant Edith Leblanc Guilbeaux to enjoin the intrusions complained of.

It is from this ruling that Samuel and Edith appeal, asserting the following assignments of error:

I.  The Trial Court erred in refusing to issue injunctive relief as against Defendants in Rule, Carolyn Bean Guilbeaux and Russell James Guilbeaux preventing such parties from going onto the premises of Edith Marie Guilbeaux, where she resides as her family home. The decision is contrary to law and the constitution of the State of Louisiana.

II.  The decision violates the terms, intent and purpose of the statutory and constitutional law applicable to persons having a right to prohibit individuals from going onto their property on which a residence is occupied by the party requesting such parties not to go onto such premises.

III.  The decision requiring a party seeking injunctive relief to protect their privacy to utilize criminal proceedings after the fact to keep parties from going onto the premises of a resident of a home and lot on which it is located especially where a civil statute and a constitutional provision of the State of Louisiana provides a civil remedy which can be utilized prior to a defendant going onto the premises of the complainant.

**Discussion**

*Motion to Strike*

Russell and Carolyn filed a motion to strike Samuel and Edith's brief which was referred to the merits of this matter. They contend that the brief includes statements which are "not supported by the record, amount to hearsay or are attorney testimony forbidden by the rules of professional conduct and are in direct contradiction with evidence actually in the record." They also argue that Edith "makes unfounded accusations of criminal behavior" against them. According to

3

Russell and Carolyn, these statements contain obnoxious, insulting, and discourteous language, violates Uniform Rule, Courts of Appeal, Rule 2-12.4,[2] and must be stricken from the record.

We observe that Edith's allegations that Russell and Carolyn defrauded and harassed her are the subject of the original suit filed against them. This original suit has not proceeded to a trial on the merits and is consolidated with the instant suit. Because, as Russell and Carolyn contended, "[n]o court has found that either Carolyn or James committed perjury, fraud, or harassed Edith[,]" we do not consider these statements in resolution of the matter before us. However, we find it unnecessary to strike the brief. *See Dunn v. Land & Marine Properties, Inc.*, 609 So.2d 284 (La.App. 3 Cir. 1992), *writ denied*, 614 So.2d 1252 (La.1993) (wherein this court denied the motion to strike, finding that certain statements were harmless in that they provided background information or were the plaintiffs' version of events).

With regard to any statements regarding Carolyn's alleged perjury or Edith's actions to avoid Carolyn and/or James, we give them no consideration as these contentions are not part of the record. *See* La.Code Civ.P. art. 2164; *Ledet v. Nat'l Car Rental Sys.*, 96-1270 (La.App. 3 Cir. 6/4/97), 694 So.2d 1236. For the above reasons, the motion to strike is denied. *See Fox v. LAM*, 632 So.2d 877, 878 (La.App. 2 Cir. 1993) (wherein the second circuit did not strike any portion of the appellee's

---

[2] Uniform Rule, Courts of Appeal, Rule 2.12-4 provides in relevant part:

> The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

brief as it "is able to determine what evidence may or may not be relied upon to uphold or reverse a trial court judgment.")

*Injunction Under La.R.S. 14:403.2(B)(1.1)*

Edith argues that under La.R.S. 14:403.2(B)(1.1), she should have been granted a preliminary and/or permanent injunction against Russell and Carolyn.

With regard to the abuse and neglect of adults, La.R.S. 14:403.2 provides in pertinent part:

> A. (1) The purpose of this Section is to protect adults who cannot physically or mentally protect themselves and who are harmed or threatened with harm through action or inaction by themselves or by the individuals responsible for their care or by other parties, by requiring mandatory reporting of suspected cases of abuse or neglect by any person having reasonable cause to believe that such a case exists. It is intended that, as a result of such reports, protective services shall be provided by the adult protection agency. Such services shall be available as needed without regard to income.
>
> . . . .
>
> B. For the purposes of this Section, the following definitions shall apply:
>
> . . . .
>
> (1.1) "Abuse" is the infliction of physical or mental injury on an adult by other parties, including but not limited to such means as sexual abuse, abandonment, isolation, exploitation, or extortion of funds or other things of value, to such an extent that his health, self-determination, or emotional well-being is endangered.

In *Pumpelly Oil Inc. v. Ribbeck Construction Corp.*, 02-868, p. 6 (La.App. 3 Cir. 2/5/03), 838 So.2d 88, 92, *writ denied*, 02-669 (La.App. 3 Cir. 2/5/03), 839 So.2d 447, this court stated, "[t]rial courts have 'great discretion' in determining whether to grant or deny a preliminary injunction." The trial court judgment will be disturbed only upon a showing that the trial court abused its great discretion. *Desire Narcotics*

5

*Rehab. Ctr., Inc. v. State, Dep't of Health & Hosps.*, 07-390 (La.App. 4 Cir. 10/17/07), 970 So.2d 17.

In *Johnson v. Hardy*, 98-2282, p. 10 (La.App. 1 Cir. 11/5/99), 756 So.2d 328, the first circuit found that the Louisiana Storing and Towing Act did not expressly authorize a private right of action for civil damages. The court held that "if the legislature had intended such a result, it would have included language expressly recognizing such a cause of action[.]" *Id*. at 334. Likewise, La.R.S. 14:403.2(B)(1.1) makes no provision for a private right of action. Rather, the statute governs the enforcement of its provisions, naming the adult protection agency as the entity responsible for investigating and assessing reports of abuse and neglect of adults. La.R.S. 14:403.2(E)(1). Insofar as no basis exists for issuing an injunction pursuant to La.R.S. 14:403.2(B)(1.1), this assignment has no merit.

*Injunction Under Article I, § V of the Louisiana Constitution*

According to Edith, Russell and Carolyn invaded her right to privacy under Article I, § 5 of the Louisiana Constitution. Therefore, she argues that the trial court erred in not issuing an injunction.

Article I, § V of the Louisiana Constitution states:

> Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.

In *Brennan v. Board of Trustees for Univ. of La. Sys.*, 95-2396, p. 7 (La.App. 1 Cir. 3/27/97), 691 So.2d 324, 328, the first circuit explained that "[t]he Louisiana Constitution's protection of privacy provisions contained in Article 1, § 5 does not

extend so far as to protect private citizens against the actions of private parties." The court held that in order for the plaintiff to prevail on his constitutional claim, he had to show that the defendant was a state actor. *Id.*

Here, Edith is seeking an injunction against Russell and Carolyn who are private individuals. Insofar as Russell and Carolyn are not state actors, we find that Edith does not have an invasion of privacy claim under Article 1, § 5 of the Louisiana Constitution.

This assignment is without merit.

*Other Remedies Available*

Edith contends that the trial court erred in finding that she could only use criminal proceedings to keep Russell and Carolyn off of her property.

At the hearing on the injunction, the trial court stated, after hearing Edith's testimony:

> Well, I really don't think this requires any further testimony. I mean, it's obvious that she desires them not to be around, but there's no grounds to restrain them from coming around. Now, she has certainly a right to have them not come around, so I think you should respect her wishes that she doesn't want y'all to come around. I think that's the respectful thing to do, but I'm not going to order that they not come around.
>
> . . . .
>
> There's a law that if -- if you trespass, there's a law. And if she had the police formally tell them not to return to the house and they formally tell them not to return to the house, they can be arrested for remaining after forbidden. It's something that there's a law in place that can easily resolve . . . this situation.

Louisiana Code of Civil Procedure Article 3601(A) provides in pertinent part: "An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law[.]"

7

To obtain a preliminary injunction, Edith must demonstrate that she will suffer irreparable injury in the absence of the injunction, that she is entitled to the relief sought, and that she can make a prima facie showing that she will prevail on the merits. *Desire*, 970 So.2d 17. Furthermore, Edith "must show that the loss alleged cannot be adequately compensated in money, or that it is a loss for which damages are not susceptible of being measured by pecuniary standards." *Hairford v. Perkins*, 520 So.2d 1053, 1059 (La.App. 3 Cir. 1987) (*quoting Huber Oil Co. of La. v. Save-Time*, 442 So.2d (La.App. 3 Cir. 1982)).

At the hearing for the motion for a temporary restraining order and preliminary injunction and/or permanent injunction, Edith testified that Carolyn visited her since their last court appearance. According to Edith, "[w]e were outside and we talked real nice and everything and she brought some pecans for me to peel." When asked whether she had a problem with Carolyn continuing to visit her, Edith responded, "Well, I want to be left alone." She was asked if she meant she wanted to be left alone regarding this lawsuit, to which she answered affirmatively. Edith maintained that she did not mind Russell and Carolyn visiting for family events; she just wants them to stop calling, coming to her house, or bothering her in any way.

We note that in *Hairford*, 520 So.2d at 1059, this court stated that, "an injunction will not issue to restrain torts such as defamation or harassment. Courts have recognized that there is usually an adequate remedy at law which may be pursued in seeking redress from harassment and defamation." *In Galle v. Coile*, 556 So.2d 957 (La.App. 3 Cir. 1990), this court, noting that the plaintiffs sought the injunction out of fear that the defendants would harass them pending trial, found that there was no irreparable injury. The court concluded that not only could the plaintiffs

8

seek monetary damages, they could also have the defendant arrested. The court noted that the plaintiffs had, in fact, used these available remedies.

Here, Edith argues that Russell and Carolyn have been coming to her home to persuade her to drop the accounting suit against them. In line with *Galle*, we find that the trial court's denial of the injunction was not manifestly erroneous. *See Greenburg v. DeSalvo*, 229 So.2d 83, 88 (La.1969), *cert. denied*, 397 U.S. 1075, 90 S.Ct. 1521 (1970) (wherein the supreme court found that because the plaintiff had an adequate remedy at law, an injunction would not issue based on his contention "that he is entitled to 'the right to be let alone.'")

This assignment is without merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. The defendant's motion to strike is denied. All costs of these proceedings are assessed against the plaintiffs, Samuel Paul Guilbeaux and Edith Leblanc Guilbeaux.

**AFFIRMED; MOTION TO STRIKE DENIED.**